[Cite as *State v. Bond*, 2022-Ohio-1487.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                        :

                                       No. 110022

    v.                                                    :

STEVEN BOND, JR.,                            :

    Defendant-Appellant.                     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 5, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-643079-B and CR-19-643142-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carl J. Mazzone, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Steven Bond ("Bond"), appeals his sentence and claims the following errors:

1. The indefinite sentencing scheme set forth in the Reagan Tokes Law and imposed by the trial court in this case violates the federal and state Constitutions.

2. Mr. Bond's aggregate indefinite sentence of 12 to 16 years is not authorized by statute and is therefore contrary to law.

3. Mr. Bond was denied his right to the effective assistance of counsel as protected by the Sixth and Fourteenth Amendments to the United States Constitution and by Article I, Section 10 of the Ohio Constitution when his attorney (1) did not object to the trial court's improper aggregating of indefinite terms in violation of R.C. 2929.144(B)(2), and (2) did not object to the improper application of the Reagan Tokes Law that resulted in a potential maximum sentence two years greater than the law allows.

{¶ 2} After reviewing the record and applicable law, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} Bond pleaded guilty to multiple offenses in three separate cases. In Cuyahoga C.P. No. CR-19-639466-A, Bond pleaded guilty to one count of receiving stolen property. In Cuyahoga C.P. No. CR-19-643079-B, Bond pleaded guilty to one count of robbery, with a one-year firearm specification; one count of grand theft; and one count of aggravated theft. In Cuyahoga C.P. No. CR-19-643142-A, Bond pleaded guilty to one count of aggravated robbery, with a three-year firearm specification; and one count of having weapons while under disability.

{¶ 4} The robbery charge in C.P. No. CR-19-643079-B was a second-degree felony and the aggravated robbery charge in C.P. No. CR-19-643142-A was a first-degree felony. These charges were subject to the provisions of the Reagan Tokes

Law, which sets forth an indefinite sentencing scheme for certain qualifying first- and second-degree felonies committed on or after March 22, 2019. R.C. 2967.271.

{¶ 5} In C.P. No. CR-19-643142-A, the court sentenced Bond to nine months on the having weapons while under disability charge. On the aggravated robbery charge, the court sentenced Bond to three years on the attendant firearm specification to be served prior to and consecutive with an indefinite prison term of four to six years. The court ordered the indefinite prison term on the aggravated robbery charge to be served concurrently with the nine months on the having weapons while under disability charge.

{¶ 6} In C.P. No. CR-19-643079-B, the court sentenced Bond to nine months on the grand theft conviction and 18 months on the aggravated theft, to be served concurrently with each other and to the sentence on the robbery charge in that case. On the robbery charge, the court sentenced Bond to one year on the attendant firearm specification to be served prior to and consecutive with an indefinite prison term of four to six years. After making the necessary findings, the court ordered the sentences in C.P. No. CR-19-643079-B and C.P. No. CR-19-643142-A to be served consecutively. Bond now appeals his sentences.

## II. Law and Analysis

### A. Reagan Tokes Act

{¶ 7} In the first assignment of error, Bond argues the indefinite sentences imposed by the trial court pursuant to the Reagan Tokes Law violates the Ohio and United States Constitutions. He contends the Reagan Tokes Law violates the

separation-of-powers doctrine as well as his right to a jury trial and due process of law.

{¶ 8} Bond's first assignment of error is overruled pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.

## B. Consecutive Indefinite Terms

{¶ 9} In the second assignment of error, Bond argues the trial court erred by ordering the two indefinite sentences, imposed under the Reagan Tokes Law in two separate cases, to be served consecutively.

{¶ 10} Bond failed to object to this asserted sentencing error in the trial court and, therefore, forfeited all but plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. Crim.R. 52(B) authorizes appellate courts to correct "'[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *Id.* at ¶ 22, quoting Crim.R. 52(B). To prevail under a plain error analysis, the appellant bears the burden of demonstrating that, but for the error, the outcome of the trial would clearly have been different. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 17.

{¶ 11} Bond argues the trial court failed to comply with the requirements of R.C. 2929.144(B)(2), which states that

> [i]f the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served consecutively, the court shall add all of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section

2929.14 of the Revised Code for a qualifying felony of the first or second degree that are to be served consecutively and all of the definite terms of the felonies that are not qualifying felonies of the first or second degree that are to be served consecutively, and *the maximum term shall be equal to the total of those terms so added by the court plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced.*

(Emphasis added.)

{¶ 12} As previously stated, the trial court imposed indefinite prison terms on two "qualifying offenses" under the Reagan Tokes Law: Bond's robbery conviction in C.P. No. CR-19-643079-B and his aggravated robbery conviction in C.P. No. CR-19-643142-A. Bond contends that when more than one "qualifying felony" is to be served consecutively, R.C. 2929.144(B)(2) requires that the maximum term "be equal to the total of those terms so added by the court plus fifty percent of the longest minimum term or definite term for the most serious felony being sentenced." Bond argues the trial court failed to comply with R.C. 2929.144(B)(2) when it ordered him to serve two indefinite prison terms consecutively.

{¶ 13} We agree that when one or more qualifying felonies are ordered to be served consecutively, R.C. 2929.144(B)(2) only allows the court to impose fifty percent of the longest minimum term for the most serious felony being sentenced and does not allow the court to impose consecutive indefinite prison terms. However, R.C. 2929.144(B)(2) only applies to consecutive prison terms imposed within a single case. Nothing in R.C. 2929.144(B)(2) authorizes the court to use an indefinite prison term imposed on a qualifying felony in one case to calculate the

indefinite prison term on a qualifying felony in a different case. R.C. 2929.144(B) requires the court imposing a prison term on an offender under R.C. 2929.14(A)(1)(a) or (2)(a) for a felony of the first or second degree to determine "the maximum prison term that is part of the sentence." R.C. 2929.144(C) further requires the court to "impose this maximum term at sentencing as part of the sentence it imposes under [R.C. 2929.14]," and to state this maximum "in the sentencing entry."

{¶ 14} In *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, the Ohio Supreme Court held that a judgment of conviction is not a final, appealable order under R.C. 2505.02 unless it complies with Crim.R. 32(C). *Id.* at ¶ 10. In accordance with Crim.R. 32(C), the court in *Baker* explained that "[o]nly one document can constitute a final appealable order." *Id.* at ¶ 17. And, the final order in a criminal case must "'be reduced to writing signed by the judge and entered by the clerk.'" *Id.*, quoting *State v. Tripodo*, 50 Ohio St.2d 124, 363 N.E.2d 719 (1977). The journal entry must include all of the convictions in the case as well as the sentences imposed on each of the convictions in the case. *Baker* at syllabus. It follows, therefore, that two separate cases must have two separate journal entries in order to comply with Crim.R. 32(C) and *Baker*.

{¶ 15} Nothing in R.C. 2929.144(C) suggests that the maximum term stated in the sentencing entry may include prison terms imposed in other cases in the calculation. If the legislature had intended to allow courts to include indefinite prison terms in separate cases when calculating consecutive sentence under R.C.

2929.144(B)(2), it could have done so, but it did not.  In accordance with *Baker* and Crim.R. 32(C), each case has its own sentencing entry, and the trial court may order the sentences in two or more cases to be served consecutively.  But the fact that the trial court in this case ordered the concurrent sentences within each case to be served consecutively does not change the calculation of the maximum prison term imposed in each individual case.

{¶ 16} The trial court sentenced Bond on each count and imposed a maximum prison term as part of the sentence in each case, CR-19-643079-B and CR-19-643142-A.  The court then ran the sentences within each case concurrently. Therefore, R.C. 2929.144(B)(3) rather than (B)(2) applied to determine the maximum prison term imposed as part of the sentence.  In each case, the court sentenced Bond to an indefinite prison term of four to six years in addition to the sentence imposed on the attendant firearm specifications.  After making the necessary findings, the trial court ordered the concurrent sentences in each separate case to be served consecutively.  The trial court also imposed a sentence of six months for receiving stolen property in CR-19-639466-A, which was run concurrently with the other two cases.

{¶ 17} The court issued separate sentencing entries in each case as required by *Baker* and Crim.R. 32(C).  And, in accordance with R.C. 2929.144(C) the court stated the minimum term imposed under R.C. 2929.14(A)(1)(a) or (2)(a) and the maximum term determined pursuant to R.C. 2929.144 in each case.  We, therefore,

find that the trial court complied with all applicable sentencing provisions and did not commit plain error.

{¶ 18} The second assignment of error is overruled.

### C. Ineffective Assistance of Counsel

{¶ 19} In the third assignment of error, Bond argues he was denied his constitutional right to the effective assistance of counsel.

{¶ 20} To establish ineffective assistance of counsel, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation and that he or she was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

{¶ 21} Bond argues he was deprived of his right to effective assistance of counsel because his trial counsel failed to object to the sentence imposed pursuant to the Reagan Tokes Law and because his trial counsel failed to object to the imposition of consecutive indefinite sentences under the Reagan Tokes Law in violation of R.C. 2929.144(B)(2).

{¶ 22} However, because this court has held in *Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, that the Reagan Tokes Law is constitutional, Bond's trial counsel was not ineffective for failing to object on that basis. And, because the trial court complied with all applicable sentencing provisions and properly ran the

concurrent sentences in Bond's separate cases consecutively, an objection to the consecutive sentences would not have changed the ultimate outcome of the case. Bond's constitutional right to the effective assistance of counsel was, therefore, not violated.

{¶ 23} Therefore, the third assignment of error is overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
SEAN C. GALLAGHER, A.J., CONCURS (WITH SEPARATE CONCURRING OPINION)


N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.

SEAN C. GALLAGHER, A.J., CONCURRING:

{¶ 25} I fully concur with the majority opinion. I write to further address Bond's second assignment of error, which advocates for the imposition of an "aggregate indefinite sentence" for all cases on which he was sentenced. By reading R.C. 2929.144(B)(2) in a vacuum, Bond is seeking to have the underlying sentences that were authorized under the Reagan Tokes Law into one that is contrary to law. Apparently, the legislature must restate the obvious when drafting new statutes. Anything less creates the risk that novel and creative interpretations will transform the legal landscape, eliminating a century of past practices with no direction or concern for the consequences.

{¶ 26} Bond mistakenly believes that because the trial court ordered the sentence imposed in CR-19-643142-A to run consecutive to the sentence imposed in CR-19-643179-B, an "aggregate indefinite sentence" should have been imposed for all case files on which he was sentenced. In other words, Bond's position is there should be only one qualifying felony used to determine a single maximum prison term for all files being contemporaneously sentenced.[1]

---

[1] This may well become the approach the legislature moves us to in the future with the provision in current H.B. 166 that passed out of the Ohio House on February 9, 2022, and is currently pending in the Senate Judiciary Committee. This however is not the current state of Ohio law. Under the H.B. 166 proposal, existing R.C. 2929.144(A)(1) would be amended to read: "Most serious qualifying felony being sentenced" means, with respect to one or more indictments, informations, or complaints that contain more than one qualifying felony of the first or second degree, the qualifying felony of the first or second degree carrying the highest degree of felony of all the qualifying felonies of the first or second degree contained in the indictments, informations, or complaints for which sentence is being imposed. In other words, there would be only one maximum term

{¶ 27} Under Bond's global sentencing approach, Bond argues the trial court should have imposed an aggregate minimum term of eight years (adding the four-year minimum terms in each case together), a maximum term of ten years (adding two years, which is 50 percent of the longest minimum term for the most serious qualifying felony being sentenced across case files), plus four years for the firearm specifications, for an aggregate indefinite sentence of 12 to 14 years.[2] Bond erroneously maintains that the sentence imposed by the trial court was two years longer than it should have been.

{¶ 28} Contrary to Bond's argument, there is no authority to support the imposition of a global sentence or for a qualifying felony offense from one case to be used to calculate an indefinite term in another case. Rather, a "maximum prison term" is to be imposed within each individual "case" file that includes a qualifying felony offense. That is what the trial court did here. The fact that consecutive sentences were imposed between cases does not alter the sentence imposed within each case file or the calculation for the maximum prison term imposed as part of the sentence in each individual case. Furthermore, R.C. 2929.144(B)(2) does not even apply in this matter because concurrent sentences were imposed within each case.

{¶ 29} R.C. 2929.144(B) and (C) read:

(B) The court imposing a prison term on an offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a

---

imposed at any one sentencing event. The Senate is considering another proposal in S.B. 288 currently under review.

[2] It is important to note that a prison term imposed on a firearm specification is an additional and separate prison term that is not a part of the indefinite term imposed. *See* R.C. 2929.144(B)(4).

qualifying felony of the first or second degree shall determine the maximum prison term that is part of the sentence in accordance with the following:

(1) If the offender is being sentenced for one felony and the felony is a qualifying felony of the first or second degree, the maximum prison term shall be equal to the minimum term imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code plus fifty per cent of that term.

(2) If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served consecutively, the court shall add all of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree that are to be served consecutively and all of the definite terms of the felonies that are not qualifying felonies of the first or second degree that are to be served consecutively, and the maximum term shall be equal to the total of those terms so added by the court plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced.

(3) If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that all of the prison terms imposed are to run concurrently, the maximum term shall be equal to the longest of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree for which the sentence is being imposed plus fifty per cent of the longest minimum term for the most serious qualifying felony being sentenced.

(4) Any mandatory prison term, or portion of a mandatory prison term, that is imposed or to be imposed on the offender under division (B), (G), or (H) of section 2929.14 of the Revised Code or under any other provision of the Revised Code, with respect to a conviction of or plea of guilty to a specification, and that is in addition to the sentence imposed for the underlying offense is separate from the sentence being imposed for the qualifying first or second degree felony committed on or after the effective date of this section and shall not be considered or included in determining a 1 maximum prison term for the offender under divisions (B)(1) to (3) of this section.

(C) The court imposing a prison term on an offender pursuant to division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree shall sentence the offender, as part of the sentence, to the maximum prison term determined under division (B) of this section. The court shall impose this maximum term at sentencing as part of the sentence it imposes under section 2929.14 of the Revised Code, and shall state the minimum term it imposes under division (A)(1)(a) or (2)(a) of that section, and this maximum term, in the sentencing entry.

{¶ 30} Simply because the drafters of R.C. 2929.144 did not expressly state that the formulas were addressing prison terms imposed within a case file should not lead anyone to believe the intent behind the S.B. 201 statutory provision was to eliminate the concept of a case file, which has been a vehicle for charging and sentencing in Ohio since the state's inception. One would think invalidating a cornerstone tool of criminal justice in existence for well over a century would invite a statement of intent to do so by the legislature.

{¶ 31} The specious reasoning offered by appellant to advance his novel theory is at best superficial. According to Bond's view, the plain language of R.C. 2929.144(B)(2), when read in isolation, could be construed as permitting a trial court judge to amass all qualifying terms being imposed from multiple case files into one global sentence for all terms being sentenced. But this is a deceptive and misguided view that looks at the statutory language in a vacuum. Tellingly, Bond offers no suggestion or analysis as to how the trial court should draft a new sentencing entry for this self-derived "super" file. Also, there is no language in the

statute providing for an "aggregate indefinite sentence" or an "aggregate maximum term." Terms should not be interposed into the sentencing statutes.

{¶ 32} In determining the meaning of statutory language, courts "look first to the plain language of the statute, read in context." *See Electronic Classroom of Tomorrow v. Ohio State Bd. of Edn.*, 166 Ohio St.3d 96, 2021-Ohio-3445, 182 N.E.3d 1170, ¶ 16. In *Electronic Classroom of Tomorrow*, the Supreme Court of Ohio considered language in a statute providing for an appeal of a determination by the Ohio Department of Education that a community school owes money to the state, which provides that "'[a]ny decision made by the [Ohio State Board of Education] [on such an appeal] is *final*.'" (Emphasis added.) *Id.* at ¶ 1, quoting R.C. 3314.08(K)(2)(d). The Supreme Court determined that under R.C. 3314.08(K)(2)(d), the General Assembly did not use "final" in the sense of a final decision that may be appealed, but rather in the ordinary sense marking the end of a two-step review process, and "[i]f there is any doubt that this plain reading is the correct interpretation of [the statute]," it is removed when one "looks to our caselaw" and "[w]hen read in context of the entire statute * * *." *Electronic Classroom of Tomorrow* at ¶ 19, 21, 27. As the Supreme Court aptly observed, "Why would the General Assembly hide the ball" when "[s]ticking with the everyday meaning * * * offers a far less puzzling result." *See id.* at ¶ 18.

{¶ 33} Here, when read in context, it is apparent that the calculation of a "maximum term" under R.C. 2929.144(B)(2) does not contemplate a global sentence being imposed across case files. The plain language of R.C. 2929.144(B),

requires the court "imposing a prison term" on an offender under R.C. 2929.14(A)(1)(a) or (2)(a) for a felony of the first or second degree to determine "the maximum prison term that is part of the sentence." Under R.C. 2929.144(C), "[t]he court shall impose this maximum term at sentencing as part of the sentence it imposes under [R.C. 2929.14]," and the court is required to state this maximum term "in the sentencing entry." The maximum term outlined in R.C. 2929.14(C) is not the "global" maximum for all the case files being sentenced. It is the maximum for the one term on the count within a case file used to form the indefinite range under the R.C. 2929.14 formulas. Therefore, the plain language of the statute reflects the legislature intended a maximum term be determined for each case file upon which a prison term is imposed and that it be reflected in a single "sentencing entry" for that case file.

{¶ 34} An interpretation of R.C. 2929.144(B)(2) also must consider other important procedures that would suggest a global sentence was never intended. A global sentence runs afoul of the traditional approach of sentencing within each case file and the case law interpretations on what constitutes a final judgment entry.

{¶ 35} First, a global sentencing "term" cannot be "assembled" across case files containing unique case numbers without consideration of joinder of offenses under Crim.R. 8(A), which did not occur at the trial-court level herein. Joinder is not even contemplated by R.C. 2929.144(B)(2), and that alone suggests that the legislature never intended the language to allow for the creation of a "super" file.

{¶ 36} Second, the creation of a "super" file and resulting global sentence would have to be memorialized in a journal entry addressing all case files. We are bound by *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, which requires a journalized judgment of conviction to comply with Crim.R. 32(C). *Baker* at ¶ 10. While Crim.R. 32(C) allows multiple judgments of conviction to be addressed in one judgment entry, the Supreme Court has interpreted the rule to apply to "'a judgment in a criminal *case*'" for which "[o]nly one document can constitute a final appealable order." *Baker* at ¶ 17, quoting *State v. Tripodo*, 50 Ohio St.2d 124, 363 N.E.2d 719 (1977). Thus, each case file requires a separate sentencing entry addressing all the convictions in the individual case. Here, the trial court issued a separate sentencing entry for each case, and the journalized judgment of conviction for each case file complied with Crim.R. 32(C) and *Baker*.

{¶ 37} Third, the Revised Code does not require a court to state the total aggregate prison term following imposition of consecutive sentences. In fact, there is no requirement under existing case law that a trial court advise of or impose a global maximum sentence. *See State v. Johnson*, 40 Ohio St.3d 130, 133, 532 N.E.2d 1295 (1988). In *Johnson*, a case challenging the failure to advise on the prospect of consecutive sentences, the court found the consecutive advisement was not required because Crim.R. 11(C) speaks in the singular. *See id.* "The term 'the charge' indicates a single and individual criminal charge. So, too, does 'the plea' refer to 'a plea' which the court 'shall not accept' until the dictates of the rule have been observed." *Id.* The *Johnson* "individual count" view is a predecessor to the view

later espoused in *State v. Saxon* regarding sentencing for an "individual offense." *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, syllabus. Accordingly, the trial court was only required to state the maximum term determined pursuant to R.C. 2929.144 and was not required to advise Bond of the maximum time he could potentially serve for all the cases.

{¶ 38} Finally, although I wrote to affirm the constitutionality of S.B. 201 in *Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, I will acknowledge the formula language in R.C. 2929.144 is at best confusing. This is the result of rushed legislative enactment passed in an end of the year "lame duck" session without benefit of full scrutiny. I make no excuses for the legislative shortcoming, but the bill did not invalidate the concept of a "case file." The simplistic solution to avoiding sentencing errors is to follow the express dictates of the relevant statutory scheme and to adhere to the statutory language therein, Supreme Court precedent, the Rules of Criminal Procedure, and established case law. The sentencing judge did so in this case.

{¶ 39} As the majority finds, the trial court properly sentenced Bond to an indefinite prison term on a qualifying felony in each individual case, R.C. 2929.144(B)(2) only applies to consecutive prison terms imposed within a single case, and the maximum term was properly determined under R.C. 2929.144(B)(3) and imposed under R.C. 2929.144(C) as part of the sentence in each case. Finding no sentencing error in accordance with the requirements of R.C. 2929.14 and R.C.

2929.144, I agree that Bond's sentence should be upheld in each case.  I also concur

with the majority opinion on the remaining assignments of error.