[Cite as *State v. Stearns*, 2022-Ohio-2046.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                               :          Nos. 111005, 111010,
                               :          111011, 111012, and
                                          111013

    v.                             :

SIRJUAN STEARNS, JR.,                   :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 16, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-652090-A, CR-20-653637-A, CR-20-653869-A,
CR-20-652102-A, and CR-20-654107-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sean M. Kilbane, Assistant Prosecuting Attorney, *for appellee.*

The Brueck Law Firm, LLC, and Christina Brueck, *for appellant.*

SEAN C. GALLAGHER, A.J.:

**{¶ 1}** Sirjuan Stearns, Jr., appeals his convictions for aggravated robbery, along with attendant firearm specifications, having weapons while under disability,

and aggravated rioting. The trial court imposed the jointly recommended minimum stated term of 16 years in prison with a maximum term of 20.5 years. The sole focus in this appeal is on the trial court's acceptance of the parties' jointly recommended sentencing range and the length of the individual sentence imposed on one of the aggravated robbery counts. There are no arguments challenging the guilty plea or the manner in which Stearns was sentenced. For the following reasons, we affirm the convictions.

{¶ 2} According to the state, Stearns committed three aggravated robberies by walking into a store, picking up a small item, and pretending to initiate a cash transaction. After the clerk opened the cash register to complete the sale, Stearns brandished a firearm and demanded money. At least one of the victims was so traumatized by the events that she quit her job to avoid being placed in a position of dealing with another armed robber just to earn a living. That victim continues to suffer mental anguish from the incident.

{¶ 3} With respect to the weapons charge, when the Cleveland Division of Police Gang Impact Unit served a warrant on a known gang member, Stearns was at the scene and fled police officers while brandishing a firearm. Upon his being arrested, four other firearms were seized. In the last incident, while Stearns was detained at the Cuyahoga County Juvenile Detention Center on the aggravated robbery and the weapons cases, he was involved in a riot that resulted in another inmate suffering serious physical harm.

{¶ 4} Stearns has a record of failing to abide by court orders. In 2016, he was placed on probation in two separate cases but violated the term of probation by committing more acts that led to a delinquency finding. The juvenile court placed Stearns on probation a second time, which was violated when he assaulted a law enforcement officer. Once again, Stearns received the benefit of the doubt and probation was imposed, but that, too, was violated with the commission of the underlying offenses.

{¶ 5} In the underlying cases, Stearns pleaded guilty to three counts of aggravated robbery in violation of R.C. 2911.01(A)(1), qualifying felony offenses of the first degree, all of which included a one-year and two three-year firearm specifications attendant to each respective count; having weapons while under disability in violation of R.C. 2923.02(A)(1), a third-degree felony offense; and aggravated riot in violation of R.C. 2917.02(A)(2), a fourth-degree felony offense. All five incidents were indicted in separate cases. The trial court imposed a nine-year term of imprisonment along with the attendant three-year term on the firearm specification on the aggravated robbery count in CR-20-653569; a three-year stated minimum term on the aggravated robbery count, along with an attendant three-year term on the firearm specification, in CR-20-652090; a stated minimum of three years and a maximum term of four years and six months, along with the attendant one-year term on the firearm specification, on the aggravated robbery count in CR-20-652102; three years on the weapons violation in CR-20-654107; and 18 months on the aggravated riot violation in CR-20-653637. All the firearm

specifications were imposed consecutive to each other and the underlying counts as required by law since they arose in separate cases and incidents. The underlying sentences on each individual offense were imposed concurrently, effectively rendering the nine-year term on the aggravated robbery the operative one. The trial court imposed a 20.5-year maximum term calculated from the aggregate of the consecutive sentences imposed in all five cases plus half of the nine-year term imposed on the aggravated robbery count.

{¶ 6} In exchange for paring down the offenses to which Stearns pleaded guilty, the parties jointly recommended a sentencing range for the aggregate stated minimum term under R.C. 2929.14(A)(1)(a) and 2929.144(B) of 10 to 16 years. As the parties understood and presented the terms of the plea agreement, that sentencing range would also include a maximum term not to exceed 20.5 years. Tr. 26:2-10; 27:9-14; 46:4-47:20. The trial court accepted the jointly recommended sentencing range and imposed the longest sentence to which the parties agreed, an aggregate stated minimum term of 16 years with a maximum term of 20.5 years between the five cases.

{¶ 7} In this appeal, Stearns's sole focus is on the overall length of the nine-year sentence imposed on the underlying aggravated robbery offense. Stearns does not claim any error in the imposition of the aggregate seven-year term on the three

firearm specifications that are required by law.[1] Further, the convictions have not been challenged in any other respect as required under App.R. 16(A)(7), and the state is asking this court to affirm the judgment as written. We render no conclusions with respect to the trial court's calculation of the maximum term being based on the aggregate of the sentences imposed upon the firearm specifications in three of the five separate cases for which Stearns was sentenced and without imposing a maximum term for any of the individual qualifying felony offenses in each case. *See State v. Bond*, Cuyahoga No. 110022, 2022-Ohio-1487, ¶ 15. In addition, in CR-20-652090 involving one of the aggravated robbery charges, the trial court imposed both a nine-year and a three-year term of imprisonment for the single aggravated robbery count in the final entry of the conviction. At the sentencing hearing, the trial court orally announced a nine-year sentence. Tr. 82:10-12. According to the "notice of commitment and calculation of sentence" filed on January 18, 2022, the Ohio Department of Rehabilitation and Correction considers the three-year prison term as the operative one based on the discrepancy.

{¶ 8} Since the parties ignored those issues, so shall we. ""[A]ppellate courts do not sit as self-directed boards of legal inquiry and research, but [preside]

---

[1] An examination of the corrected sentencing entries filed two days following the original sentencing hearing reveals the court failed to fully impose a maximum term on the qualifying felony offense or announce specific sentences in CR-20-652090 and CR-20-653869. In CR-20-652102, the trial court imposed a stated minimum term of three years with a maximum term of four years and six months, along with the attendant one-year sentence on the firearm specification. The court appears to have alternated between imposing the individual sentences as required under R.C. 2929.14 and 2929.144 and creating a global sentence across all files reflecting the court's and the parties' intent.

essentially as arbiters of legal questions presented and argued by the parties before them.""" *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19, quoting *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part), quoting *Carducci v. Regan*, 714 F.2d 171, 177, 230 U.S. App. D.C. 80 (D.C.Cir.1983). The issues surrounding the calculation of the maximum term under R.C. 2929.144 based on the imposition of consecutive sentences among cases and the length of the underlying sentence in CR-20-652090 are beyond the scope of our review based on the briefing presented. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. We are confined to the issues presented and preserved for our review.

**{¶ 9}** In the sole assignment of error, Stearns claims that the trial court abused its discretion by sentencing him to the "top end of the agreed sentencing range." We have no authority to review the individual sentences in this appeal for two independent reasons.

**{¶ 10}** Under R.C. 2953.08(D)(1), a "sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1) establishes a statutory limit on an appellate court's ability to consider an appeal from a sentence. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 9, fn. 1. As the Ohio Supreme Court has expressly concluded, if the conditions under R.C. 2953.08(D)(1) are

established, an appellate court lacks jurisdiction to hear the appeal. *Id.*, quoting *State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095, ¶ 22; *see also State v. Fontanez*, 8th Dist. Cuyahoga No. 106226, 2018-Ohio-2843, ¶ 12. Further, "'[t]hat appellant agreed to a sentencing range or sentencing cap, as opposed to a specific sentence, is immaterial.'" *State v. Andrews*, 8th Dist. Cuyahoga No. 110047, 2021-Ohio-1719, ¶ 10, quoting *State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 23 (8th Dist.). The trial court's imposition of a jointly recommended sentencing range, as with a jointly recommended sentence, precludes appellate review of the imposed sentence.

**{¶ 11}** Stearns neither claims, nor even remotely suggests, that his sentences are not authorized by law. To the contrary, Stearns concedes that the appellate "analysis should end here as the sentencing range in this matter is within the authorized statutory range for the offenses" as contemplated under R.C. 2953.08(D)(1).

**{¶ 12}** A defendant's right to appeal a sentence is singularly derived from R.C. 2953.08. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 10. "'[I]f a jointly recommended sentence imposed by a court is 'authorized by law,' then the sentence 'is not subject to review.'" *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 15. There is no dispute from the record that the trial court imposed sentences that were jointly recommended, and Stearns concedes that those sentences were authorized by law. App.R. 16(A)(7). Based on

the argument and concession presented, under the unambiguous language of R.C. 2953.08(D)(1), we have no authority to review the imposed sentences.

{¶ 13} Even if consideration of the length of the sentences was not precluded under R.C. 2953.08(D)(1), an issue we are compelled to note given our aforementioned concern regarding aspects of the sentencing not challenged in this appeal, Stearns's sole argument rests on this court's performing a de novo review of the individual sentence imposed on the aggravated robbery count. The aggregate seven-year term of consecutive sentences imposed for the firearm specifications as between the three separate cases is mandated by law. *See, generally,* R.C. 2929.14(B)(1)(b)[2]; *see also State v. Bond*, 8th Dist. Cuyahoga No. 110022, 2022-Ohio-1487, ¶ 13 (Ohio sentencing law operates with respect to individual cases.). The only discretionary aspect of the underlying stated minimum term of imprisonment was the length of the sentences imposed on the individual offenses and, in all practical terms, the nine-year term imposed on the aggravated robbery, since the sentences on the underlying counts were concurrently imposed.

{¶ 14} The mere fact that Stearns disagrees with the trial court's decision to impose a nine-year term on the aggravated robbery count, the longest concurrent

---

[2] R.C. 2929.14(B)(1)(b) recognizes, except as provided under subdivision (B)(1)(g) of the section (requiring multiple sentences for multiple firearm specifications in some instances), that more than one prison term on firearm specifications is not permitted for felonies committed as part of the same act or transaction. Under Crim.R. 8(A), the state is permitted to join offenses into a single indictment based on that principle of commonality. As between separate cases, the firearm specifications in the individual cases must be imposed in adherence to R.C. 2929.14(B)(1)(b). Subdivision (B)(1)(g) applies to multiple felonies within a single case irrespective of any issues of commonality as between the offenses.

term, instead of the minimum term for the qualifying first-degree felony offense, is not a basis for this court to reverse the sentences imposed on each individual felony offense. R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence based on the lack of support in the record for the trial court's conclusions under R.C. 2929.11 and 2929.12, which are necessary considerations in reviewing individual sentences on the underlying counts. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 29. Further, in *State v. Taylor*, 8th Dist. Cuyahoga No. 107881, 2019-Ohio-3367, this type of argument was expressly rejected. As the court succinctly framed the issue,

> [i]n an effort to challenge the adequacy of the trial court's statutory considerations, [appellant] is merely asking this court to substitute our judgment for that of the trial court, which, as stated, appellate courts are not permitted to do. *State v. McCoy*, 8th Dist. Cuyahoga No. 107029, 2019-Ohio-868, ¶ 19 ("We cannot substitute our judgment for that of the sentencing judge."). Moreover, by asking this court to view the seriousness and scope of his conduct in light of the relevant mitigating factors, [appellant] is encouraging this court to independently weigh the sentencing factors, which appellate courts are also not permitted to do. *State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 14; *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 20; *State v. Bailey*, 8th Dist. Cuyahoga No. 107216, 2019-Ohio-1242, ¶ 15; *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 10; and *State v. Anderson*, 8th Dist. Cuyahoga No. 103490, 2016-Ohio-3323, ¶ 9.

*Id.* at ¶ 17.

{¶ 15} Whichever legal path we took given the arguments presented, the result would be the same: the sole assignment of error would be overruled. Stearns is either precluded from appealing his jointly recommended sentences under R.C. 2953.08(D)(1) or is precluded from challenging an individual, nonmaximum

sentence under R.C. 2953.08(G)(2)(a), the only discretionary part of the imposed sentences that included seven years of aggregate sentences on the mandatory firearm specification sentences consecutive to the nine-year discretionary term imposed on the underlying aggravated robbery count in one of Stearns's five cases.

{¶ 16} With no other arguments presented for our review, Stearns's convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
EILEEN A. GALLAGHER, J., CONCUR