[Cite as *State v. Paul*, 2021-Ohio-1628.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-08-010 |
| | : | O P I N I O N |
| - vs - | | 5/10/2021 |
| | : | |
| CHARLES K. PAUL, JR., | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 20-500-036


Andrew McCoy, Clinton County Prosecuting Attorney, Katie Wilkin, 103 E. Main Street, Wilmington, Ohio 45177, for appellee

Tyler J. Hoffer, 24 1/2 N. Broadway Street, Lebanon, Ohio 45036, for appellant



**PIPER, P.J.**

{¶1} Appellant, Charles Paul, appeals his indefinite sentence in the Clinton County Court of Common Pleas after pleading guilty to two counts of aggravated vehicular homicide and one count of aggravated vehicular assault.

{¶2} While under the influence of methamphetamine and marijuana, Paul drove his vehicle on Interstate 71 with his 11-year-old daughter, 12-year-old son, and a friend as passengers. Paul, who was traveling 70 m.p.h., did not see that he was fast approaching

a semitruck in front of his vehicle. Paul did not apply his breaks until 0.6 seconds before his vehicle crashed into the back of the semitruck. At the time of impact, Paul's vehicle was traveling 66 m.p.h.

{¶3} Upon impact, Paul's son, who was sitting in the back of the vehicle, was killed from blunt force trauma to his abdomen, which included a transection of his small intestine, spinal cord, and abdominal aorta. Paul's friend was killed from blunt force trauma to his head, which included maceration of his brain and multiple facial and skull fractures. Paul's daughter, who was traveling in the front seat, survived the crash. However, she sustained traumatic brain injury, multiple bone fractures, a fractured skull, pulmonary contusions, scalp hematoma, as well as multiple contusions and lacerations to her face and body.

{¶4} Paul told troopers that he had not slept in several days, and admitted to ingesting methamphetamine and marijuana. Blood tests confirmed that Paul was under the influence of both drugs at the time of the crash, with Paul's methamphetamine level 13 times that of the legal limit for driving purposes. Paul was arrested and charged with two counts of aggravated vehicular homicide, one count of aggravated vehicular assault, and three counts of operating a vehicle under the influence of drugs. At the time of the crash, Paul was on parole and under a driver's license suspension.

{¶5} Paul filed a motion to suppress the statements he made to the trooper regarding his drug usage, as well as the blood samples taken at the hospital. After the trial court denied his motion to suppress, Paul agreed to plead guilty to two counts of aggravated vehicular homicide and one count of aggravated vehicular assault. The remaining charges were dismissed by the state.

{¶6} After holding a hearing and accepting Paul's guilty pleas as voluntarily made, the trial court sentenced Paul to an indefinite prison sentence of 16.5 to 20 years, which included minimum consecutive sentences of seven years for each aggravated vehicular

homicide conviction and 30 months for the aggravated vehicular assault. Paul now appeals his sentence, raising the following assignment of error:

{¶7} THE CLINTON COUNTY COMMON PLEAS COURT'S FINDINGS WERE NOT SUPPORTED BY THE RECORD AND THE SENTENCING GUIDELINES WERE NOT SATISFIED AND SENTENCING FACTORS WERE NOT PROPERLY CONSIDERED IN VIOLATION OF DUE PROCESS.

{¶8} Paul argues in his assignment of error that the trial court's sentence is unsupported by the record, that the trial court did not consider the requisite factors before sentencing him, and that the sentencing court did not inform him of the requisite notifications before imposing an indefinite sentence.

**Individual Felony Sentences**

{¶9} We review the trial court's felony sentencing decision pursuant to the standard set forth by R.C. 2953.08(G)(2).[1] *State v. Starr*, 12th Dist. Clermont Nos. CA2018-09-065 and CA2018-09-066, 2019-Ohio-2081, ¶ 8. Pursuant to that statute, this court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Baker*, 12th Dist. Clermont No. CA2018-06-042, 2019-Ohio-2280, ¶ 17.

{¶10} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Williams*, 12th Dist. Butler No. CA2020-01-009, 2020-

---

1. The prosecutor's office set forth an incorrect standard in its brief regarding review of felony sentences. We take this opportunity to reiterate that the only standard applicable to felony sentencing is that prescribed by R.C. 2953.08(G)(2).

Ohio-5228, ¶ 12.

{¶11} After reviewing the trial court's sentencing entry and the transcript of the sentencing hearing, we find that the trial court properly considered the statutory sentencing requirements of R.C. 2929.11 and 2929.12, imposed postrelease control, and sentenced Paul within the statutory range for his felony convictions.

**Consecutive Sentences**

{¶12} R.C. 2929.14(C)(4) requires the sentencing court to engage in a three-step process when imposing a consecutive sentence. *State v. Smith*, 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find,

> (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender,
>
> (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and
>
> (3) one of the following applies:
>
> > (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
> >
> > (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
> >
> > (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶13} The trial court's R.C. 2929.14(C)(4) findings are required to be made at the sentencing hearing and incorporated into the court's sentencing entry. *State v. Bonnell,*

140 Ohio St.3d 209, 2014-Ohio-3177. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Id.*; R.C. 2953.08(G)(2)(a).

{¶14} The trial court made the requisite findings before sentencing Paul to consecutive sentences for his convictions. Specifically, at the sentencing hearing and within the trial court's sentencing entry, the trial court found that (1) consecutive sentences were "necessary to protect the public * * * from future crime, and to punish this offender for his multiple offenses." The trial court also found that that (2) consecutive sentences were "not disproportionate to the seriousness of [Paul's] conduct, and the danger this Court finds you pose to the public." The trial court then found that (3)(b) "at least two of the multiple offenses were committed as one or more courses of conduct, and the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed adequately would reflect the seriousness of the conduct."

{¶15} We find that the trial court's findings for consecutive sentences purposes are supported by the record. Specifically, the record indicates that Paul had a long history of criminal conduct, including burglary, endangering child welfare, theft, failure to appear, absconding, disorderly conduct, sexual solicitation, as well as the battery conviction for which Paul was on parole at the time of the crash. Paul had spent time in prison, and had continued committing crimes upon his release, leading up to his drug usage and decision to drive while under a license suspension.

{¶16} The court also considered the facts of the crash, including that Paul was 13 times over the legal impairment limit, crashed into the semitruck at 66 m.p.h., and caused the horrific deaths of his son and friend. The trial court also considered the extensive injuries Paul caused his daughter. While Paul described his daughter's collective injuries as "just a little scratch" during his sentencing hearing, the record indicates otherwise. The

medical reports indicate that Paul's 11-year-old daughter suffered traumatic brain injury, multiple bone fractures, a fractured skull, pulmonary contusions, scalp hematoma, as well as multiple contusions and lacerations to her face and body. Thus, after reviewing the record, we find that the trial court's consecutive sentence findings are fully supported by the record.

**Presentence-Investigative Report**

{¶17} Paul also argues that the trial court erred by not ordering a presentence-investigative report before making the findings referenced above. According to Crim.R. 32.2, "unless the defendant and the prosecutor in the case agree to waive the presentence investigation report, the court shall, in felony cases order a presentence investigation and report before imposing community control sanctions or granting probation."

{¶18} First, the record indicates that the trial court asked the state and Paul at the plea hearing whether the parties wanted an investigation ordered and neither party requested such. Secondly, Paul was ineligible for community control sanctions, as his prison sentences for the two second-degree felony convictions for aggravated vehicular homicide carried mandatory prison time. Therefore, the trial court could not impose community control sanctions and the trial court was not required by Crim.R. 32.2 to order a presentence investigation. *State v. Cyrus*, 63 Ohio St.3d 164 (1992).

{¶19} Moreover, the trial court directed both parties to file sentencing memoranda, and gave Paul an opportunity to address or object to anything stated in the state's memorandum regarding his criminal history or information pertinent to the sentencing factors. Paul did not object at any point to the materials contained within the state's sentencing memorandum and he was given an opportunity to address any facts or circumstances he wanted the trial court to know within his own memorandum or during his sentencing hearing.

**Indefinite Sentencing**

{¶20} There remains one additional aspect of Paul's sentence that must be reviewed; the indefinite nature of his sentence. R.C. 2929.19(B)(2)(c) provides that "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:"

> (c) If the prison term is a non-life felony indefinite prison term, notify the offender of all of the following":
>
> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;
>
> (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;
>
> (iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;
>
> (iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;
>
> (v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶21} By indicating that the sentencing court "shall do all of the following" and "notify

the offender of all of the following," the legislature clearly placed a mandatory duty upon the trial court to inform the defendant of all five relevant notifications. Thus, when sentencing an offender to a non-life felony indefinite prison term under the Reagan Tokes Law, a trial court must advise the offender of the five notifications set forth in R.C. 2929.19(B)(2)(c) to fulfill its statutory sentencing duty related to the notification.

{¶22} After reviewing the record, we find that the trial court advised Paul of the first two required notifications, but did not address the remaining three notifications listed in the statute. As such, the trial court's sentence as it related to the indefinite aspect did not comply with statutory requirements. *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353 (reversed because R.C. 2929.19[B][2][c] notifications must be given by the trial court to the defendant at the sentencing hearing); *State v. Whitehead*, 8th Dist. Cuyahoga No. 109599, 2021-Ohio-847, ¶ 45-46.

{¶23} Accordingly, Paul's sentence must be reversed, and this matter is remanded for the sole purpose of resentencing Paul in accordance with the requirements set forth in R.C. 2929.19(B)(2)(c). However, we emphasize that our reversal and remand are only for the purpose of complying with the foregoing statute and in no way affects the validity of the underlying convictions or any other aspect of the sentence imposed by the trial court. In other words, Paul is not entitled to be sentenced anew and the matter is remanded to the trial court for the sole and limited purpose of providing the mandatory notifications of R.C. 2929.19(B)(2)(c). Paul's assignment of error is thus sustained in part and overruled in part.

{¶24} Judgment affirmed in part, reversed in part, and remanded for the sole purpose of resentencing so that Paul's sentence complies with R.C. 2929.19(B)(2)(c).

HENDRICKSON and M. POWELL, JJ., concur.