[Cite as *State v. Castro*, 2022-Ohio-4327.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-04-016 |
| | : | O P I N I O N |
| - vs - | | 12/5/2022 |
| | : | |
| HEMILIO RAMON CASTRO, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 21CR38198

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Hicks Law Office, and Bryan Scott Hicks, for appellant.

**PIPER, J.**

{¶1} Appellant, Hemilio Castro, appeals the sentence imposed by the Warren County Court of Common Pleas following his guilty plea.

{¶2} Castro was indicted on one count of murder, two counts of felonious assault with firearm specifications, and two counts of tampering with evidence. Castro filed a pretrial motion to declare the Reagan Tokes Law unconstitutional, which the trial court

denied.

{¶3} The case proceeded to a jury trial. However, while the jury was deliberating, Castro entered into a negotiated plea agreement with the state. Castro pled guilty to involuntary manslaughter, a first-degree felony, with a firearm specification, and two counts of tampering with evidence, both third-degree felonies. In exchange, the state dismissed two counts of felonious assault with accompanying firearm specifications. Additionally, the parties agreed to a joint recommended prison sentence of 14 to 16 and one-half years in prison. The plea agreement reserved Castro's right to challenge the constitutionality of the Reagan Tokes Law. After accepting Castro's guilty plea, the trial court imposed the agreed sentence. Castro now appeals, raising two assignments of error for review.

{¶4} Assignment of Error No. 1:

{¶5} THE IMPOSITION OF CONSECUTIVE SENTENCES WAS INVALID.

{¶6} Assignment of Error No. 2:

{¶7} THE IMPOSITION OF AN INDEFINITE SENTENCE UNDER REAGAN TOKES IS UNCONSTITUTIONAL.

{¶8} In his first assignment of error, Castro argues his sentence is contrary to law because the trial court did not make the requisite findings for consecutive sentences. However, we have no authority to review the jointly recommended sentence imposed.

{¶9} Pursuant to R.C. 2953.08(D)(1), a "sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1) establishes a statutory limit on an appellate court's ability to consider an appeal from a sentence. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, ¶ 9, fn. 1. As the Ohio Supreme Court has expressly concluded, if the conditions under R.C. 2953.08(D)(1) are established, an appellate court lacks jurisdiction to hear the

appeal. *State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, ¶ 22.

{¶10} The issue raised by Castro concerning consecutive sentencing findings in a jointly recommended sentence has already been rejected by the supreme court. *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 29. In *Sergeant*, the supreme court held that where a jointly recommended sentence is accepted by the trial court, the court is not required to make the R.C. 2929.14(C)(4) findings. *Id*; *State v. Barnhart*, 7th Dist. Mahoning No. 20 MA 0119, 2022-Ohio-2338, ¶ 5.

{¶11} In the present case, the jointly recommended sentence was authorized by law, was recommended by both Castro and the state, and was imposed by the trial court. Pursuant to *Sergent*, the trial court was not required to make R.C. 2929.14(C)(4) findings. As a result, we have no authority to review the imposed sentence and Castro's first assignment of error is overruled. *Barnhart* at ¶ 8; *State v. Stearns*, 8th Dist. Nos. 111005, 111010 thru 111013, 2022-Ohio-2046, ¶ 12.

{¶12} In his second assignment of error, Castro challenges the constitutionality of the Reagan Tokes Law. While R.C. 2953.08(D)(1) precludes review of agreed sentences, the supreme court has held that constitutional challenges are not within the scope of R.C. 2953.08, and therefore, the statute "does not preclude an appeal of a sentence on constitutional grounds." *State v. Patrick*, 164 Ohio St. 3d 309, 2020-Ohio-6803, ¶ 22. Because Castro's constitutional challenge to his sentence is not barred by R.C. 2953.08(D)(1), we may consider his argument with respect to the constitutionality of the Reagan Tokes Law. *State v. Hartline*, 3d Dist. Logan Nos. 8-21-13 and 8-21-14, 2022-Ohio-2997, ¶ 16

{¶13} However, the arguments raised by Castro have been previously considered and rejected by this court. *State v. Bloodworth*, 12th Dist. Warren No. CA2021-08-073, 2022-Ohio-1899, ¶ 50. Specifically, this court has already determined that the Reagan

Tokes Law does not run afoul of an offender's due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution. *State v. Henderson*, 12th Dist. Warren No. CA2020-11-072, 2021-Ohio-3564, ¶ 13-16; *State v. Jackson*, 12th Dist. Butler No. CA2020-07-077, 2021-Ohio-778, ¶ 12-15; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 7-17; *State v. Reffitt*, 11th Dist. Lake No. 2021-L-129, 2022-Ohio-3371, ¶ 41 (Reagan Tokes Law is not vague). We have also determined that the Reagan Tokes Law does not violate the separation-of-powers doctrine. *State v. Suder*, 12th Dist. Clermont Nos. CA2020-06-034 and CA2020-06-035, 2021-Ohio-465, ¶ 25. Finally, we concluded that the Reagan Tokes Law does not impinge on an offender's constitutional right to a jury. *Bloodworth* at ¶ 50. For the reasons previously expressed in the above-cited cases, we find that the Reagan Tokes Law is not unconstitutional. Accordingly, Castro's second assignment of error is overruled.

**{¶14}** Judgment affirmed.

M. POWELL, P.J., and BYRNE, J., concur.