[Cite as *State v. Mauch*, 2025-Ohio-413.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

STATE OF OHIO,                                    :

    Appellee,                                     :            CASE NO. CA2024-04-008

                                     :            O P I N I O N
   - vs -                                                                    2/10/2025

                                       :

RANDALL D. MAUCH,                           :

    Appellant.                                     :

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20230167

Nicholas A. Adkins, Madison County Prosecuting Attorney, and Rachel M. Price and Michael S. Klamo, Assistant Prosecuting Attorneys, for appellee.

Shannon M. Treynor, for appellant.

**PIPER, J.**

{¶ 1}   Appellant, Randall D. Mauch, appeals his conviction in the Madison County Court of Common Pleas resulting from his guilty plea to one count of first-degree felony aggravated possession of drugs.  For the reasons outlined below, we affirm Mauch's

conviction.

{¶ 2} On December 4, 2023, following the necessary Crim.R. 11 plea colloquy, Mauch entered a guilty plea to one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a first-degree felony. The charge was based on Mauch having been found in possession of approximately 183 grams of methamphetamine. The trial court accepted Mauch's guilty plea upon finding it was knowingly, intelligently, and voluntarily entered.

{¶ 3} On March 11, 2024, the trial court sentenced Mauch to serve an indefinite term of nine to 13-and-one-half years in prison, less 152 days of jail-time credit. The trial court also ordered Mauch to pay a mandatory $10,000 fine and notified Mauch that he would be subject to a not less than two years, nor more than five years, of mandatory postrelease control upon his release from prison.

{¶ 4} On April 8, 2024, Mauch filed a notice of appeal. Following briefing, on January 8, 2025, Mauch's appeal was submitted to this court for consideration. Mauch's appeal now properly before this court for decision, Mauch has raised the following single assignment of error for review.

{¶ 5} THE DEFENDANT'S PLEA WAS NOT KNOWING, INTELLIGENT OR VOLUNTARY BECAUSE THE TRIAL COURT FAILED TO ADVISE HIM OF HIS TRUNCATED APPELLATE RIGHTS.

{¶ 6} In his single assignment of error, Mauch argues his guilty plea was not knowingly, intelligently, and voluntarily entered because the trial court failed to advise him as part of its Crim.R. 11 plea colloquy that, by pleading guilty, he was waiving certain of his appellate rights, including his right to challenge the trial court's decisions to deny his

various pretrial motions. Therefore, according to Mauch, because "the trial court made no mention of any waiver or preservation of appellate rights whatsoever" as part of its Crim.R. 11 plea colloquy, his guilty plea was not knowingly, intelligently, and voluntarily entered, thereby requiring the vacation of his guilty plea.

{¶ 7} However, as this court has stated previously, "[t]he failure to inform a defendant that a guilty plea waives certain rights on appeal is not one of the specifically enumerated rights the trial court is required to discuss during the Crim.R. 11 colloquy." *State v. Reynolds*, 2018-Ohio-4942, ¶ 12 (12th Dist.); *State v. Alvarez*, 2020-Ohio-5183, ¶ 23 ("Crim.R. 11(C)(2) does not contain any language requiring a trial court to inform defendants of their appellate rights, or lack thereof, before accepting a plea."); *State v. Atkinson*, 2006-Ohio-5806, ¶ 22 (rejecting appellant's claim "that his plea was not entered in a knowing, voluntary and intelligent manner because the trial court failed to advise him of his right to appeal at the plea hearing" as "the trial court had no duty to so advise appellant until the sentencing hearing"). The trial court, therefore, was not required to advise Mauch of his truncated appellate rights at the time of accepting his guilty plea in this case. *State v. Moxley*, 2012-Ohio-2572, ¶ 13 (12th Dist.). Accordingly, the trial court made no error.

{¶ 8} Moreover, when considering Mauch is, in fact, appealing from his guilty plea by arguing that his plea was not knowingly, intelligently, and voluntarily entered, any such error the trial court may have made by failing to advise Mauch of his limited appellate rights as part of its Crim.R. 11 plea colloquy would be harmless given the lack of any resulting prejudice to Mauch. This is particularly true in this case when considering Mauch has failed to identify any other alleged error that could have been remedied had Mauch

been advised of his appellate rights as part of the trial court's Crim.R. 11 plea colloquy. In the context of a plea hearing, "[t]his court has previously rejected claims where there is a failure to identify prejudice regarding the notification of appellate rights." *Reynolds* at ¶ 13. Therefore, finding no merit to Mauch's argument raised herein, Mauch's single assignment of error lacks merit and is overruled.

**{¶ 9}** Judgment affirmed.

BYRNE, P.J., and M. POWELL, J., concur.