[Cite as *State v. Runyon*, 2026-Ohio-776.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY


|                          |   |                              |
|--------------------------|---|------------------------------|
| STATE OF OHIO,           | : |                              |
|   Appellee,              | : | CASE NO. CA2025-03-008       |
| vs.                      | : | OPINION AND                  |
|                          |   | JUDGMENT ENTRY               |
|                          |   | 3/9/2026                     |
| JUSTYN W. RUNYON,        | : |                              |
|   Appellant.             | : |                              |
|                          | : |                              |


CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 2024-5148


Brian Shidaker, Clinton County Prosecuting Attorney, and Nicholas R. Smith, Assistant Prosecuting Attorney, for appellee.

Craig A. Newburger, for appellant.


# **O P I N I O N**


**SIEBERT, J.**

{¶ 1} Appellant, Justyn Runyon, appeals the sentence imposed by the Clinton County Court of Common Pleas following his guilty plea to one count of burglary. Upon review of the record, we reverse and remand the matter for the limited purpose of

providing Runyon with the mandatory statutory notifications.

## Factual and Procedural Background

{¶ 2}   On August 23, 2024, Runyon was indicted on one count of burglary and one count of theft. The indictment also included a repeat violent specification based on a prior burglary conviction. Following plea negotiations, Runyon agreed to plead guilty to one count of burglary. In exchange, the State dismissed both the repeat violent offender specification and the theft count. The parties further agreed to jointly recommend an indefinite prison sentence of four to six years.

{¶ 3}   At the combined plea and sentencing hearing, the trial court conducted a Crim.R. 11(C) plea colloquy, during which Runyon acknowledged that he understood his rights and the consequences of entering a guilty plea. The court accepted the plea and imposed the jointly recommended sentence. When addressing indefinite sentencing, the trial court stated:

> THE COURT: The parties have jointly recommended that as to Count I, the Defendant is ordered to serve an indefinite prison term of not less than four years and not more than six years. The Court has considered the record as well as any statements of impact by the victim. After hearing from the parties and reviewing the full record, the Court independently finds the joint recommendation is appropriate.
>
> . . .
>
> As to Count I, burglary, a second-degree felony under 2911.12(A)(2) and (D), as charged under Count I of the indictment, Defendant is ordered to serve an indefinite prison term not less than four years and not more than six years, all of which is not mandatory which shall commence - -
>
> [RUNYON'S COUNSEL]: Is mandatory.
>
> THE COURT: Excuse me. All of which is mandatory which shall commence immediately.

{¶ 4}   Runyon now appeals, raising one assignment of error for review.

- 2 -

**Assignment of Error: Reagan Tokes Notifications**

{¶ 5}   In his sole assignment of error, Runyon argues—and the State agrees—that the trial court erred by imposing an indefinite prison term without providing all of the mandatory statutory notifications required by R.C. 2929.19(B)(2)(c)(i)–(v) ("Reagan Tokes Notifications") during the sentencing hearing.

*Jurisdiction to Review Jointly Recommended Sentences*

{¶ 6}   A felony sentence is reviewed under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 7; *State v. Julious*, 2016-Ohio-4822, ¶ 8 (12th Dist.). Under that statute, an appellate court may modify or vacate a sentence only if it clearly and convincingly finds that the record does not support the trial court's findings under the relevant sentencing statutes or that the sentence is otherwise contrary to law. *State v. Harp*, 2016-Ohio-4921, ¶ 7 (12th Dist.).

{¶ 7}   With respect to jointly recommended sentences, this court's jurisdiction to review is limited. While a defendant may appeal a sentence that is "contrary to law," an agreed-upon sentence is not reviewable when (1) the defendant and the State jointly recommend the sentence, (2) the trial court imposes that recommendation, and (3) the sentence is "authorized by law." R.C. 2953.08(D)(1). When all three conditions are satisfied, the defendant may not appeal the sentence. *State v. Underwood*, 2010-Ohio-1, ¶ 16.

{¶ 8}   Our dissenting colleague argues this court does not have jurisdiction to review Runyon's appeal because the trial court's failure to provide Reagan Tokes Notifications did not render the agreed-upon sentence to be "unauthorized" or the term of imprisonment "contrary to law." The dissent asserts because this was a jointly recommended sentence, the trial court did not have to make the prerequisite determination that Runyon's prison term was "necessary or required," and so it did not

have to give Runyon the Reagan Tokes Notifications. R.C. 2929.19(B)(2). We respectfully disagree with our dissenting colleague.

{¶ 9} First, the trial court did have to determine whether Runyon's prison term was necessary or required. A jointly recommended sentence is not binding on the trial court—the trial court may accept, reject, or modify the recommended sentence without comment. *See State ex rel. Duran v. Kelsey*, 2005-Ohio-3674, ¶ 6 (holding trial court not bound and can impose greater sentence on defendant than what was recommended). In short, it is the sole responsibility of the court to impose a sentence on a defendant. *See* R.C. 2929.01(EE) ("Sentence" means the sanction or combination of sanctions *imposed by the sentencing court* on an offender who is convicted of or pleads guilty to an offense). (Emphasis added.) As the trial court noted, Runyon had a prior conviction for a second-degree burglary felony, and a prison term was "mandatory" (i.e. "required"). Because the trial court determined Runyon's sentence was required, it was obligated by statute to make the Reagan Tokes Notifications pursuant to R.C. 2929.19(B)(2).

{¶ 10} Second, in the context of a jointly recommended sentence, the trial court's failure to notify a defendant of *mandatory* procedural protections renders the sentence unauthorized by law and subject to appellate review. This holding is completely consistent with both *Underwood* and *State v. Sergent*, 2016-Ohio-2696, which our colleague analyzes. In *Underwood*, the Court clarified that an agreed sentence is "authorized by law" and therefore not subject to appellate review "only if it comports with all mandatory sentencing provisions." *Id*. at ¶ 20. The Court explicitly rejected a narrow interpretation that would render an agreed sentence "authorized by law" and unreviewable merely because it fell within the statutory range for the offense. *Id*. The Court reasoned that narrow interpretation would incorrectly eliminate appellate review for sentences within the statutory range, but which did not include other mandatory sentencing provisions, such

as requirements related to the imposition of mandatory postrelease control or that certain sentences be served consecutively. *Id*.

{¶ 11} *Sergent* does not contradict *Underwood*'s holding. *Sergent* held that "[i]f a jointly recommended sentence includes *nonmandatory* consecutive sentences and the trial judge fails to make the consecutive-sentence findings set out in R.C. 2929.14(E)(4), the sentence is nevertheless "authorized by law," and therefore is not appealable pursuant to R.C. 2953.08(D)(1)." *Sergent*, at ¶ 30. (Emphasis added.) The Court reasoned that a judge does not have to independently justify a sentence when it is jointly recommended, and the court is not required to comply with nonmandatory sentencing provisions which support such justifications (like those supporting consecutive sentences). *Id*. at ¶ 28, citing *State v. Porterfield*, 2005-Ohio-3095, ¶ 25.

{¶ 12} Thus, in the context of a jointly recommended sentence, an appellate court's jurisdiction to review the sentence imposed turns on whether the sentencing provision at issue is mandatory or nonmandatory. If the trial court fails to comport with a *mandatory* sentencing provision within the context of a jointly recommended sentence, *Underwood* controls—the sentence is not "authorized by law" and therefore it *is* reviewable on appeal. But if a trial court fails to comport with a *nonmandatory* sentencing provision within the context of a jointly recommended sentence, *Sergent* controls—the sentence is nonetheless "authorized by law" and *not* reviewable on appeal.

{¶ 13} The statute states that if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court *shall* give the Reagan Tokes Notifications to the defendant. R.C. 2929.19(B)(2)(c). This mandate is found in the same Revised Code section as other requirements found to be mandatory sentencing provisions. *See* R.C. 2929.19(B)(2)(d), (f) (containing notifications and requirements related to postrelease control); *see also Underwood*, 2010-Ohio-1, at ¶ 20 (finding same

postrelease control notifications and requirements mandatory sentencing provisions in previous statutory scheme). Since this court views the Reagan Tokes Notifications as a mandatory sentencing provision, it has jurisdiction to review whether the trial court failed to give them to Runyon.

*Harmless Error Analysis*

{¶ 14} The dissent also contends that even if this court has jurisdiction to review Runyon's sentence, the trial court committed harmless error when it failed to give Runyon the Reagan Tokes Notifications at the sentencing hearing. Crim.R. 52(A). Our colleague asserts the trial court's failure to notify neither impacts the procedural protections provided to the defendant by operation of law, nor does the failure render any prejudice or jeopardy to the defendant. Again, we respectfully disagree.

{¶ 15} When jointly recommended sentences are not at issue, this court follows the reasoning as developed in *Underwood*, holding that the failure to provide any one of the required Reagan Tokes Notifications constitutes error by failing to provide notification of mandatory sentencing provisions, necessitating a remand for the limited purpose of providing them. *State v. Paul*, 2021-Ohio-1628, ¶ 22-23 (12th Dist.); *State v. Pope*, 2022-Ohio-426, ¶ 23 (12th Dist.). Given the *Underwood* and *Sergent* line of cases, this court finds no reason to reverse course on this question within the context of a jointly recommended sentence.

{¶ 16} By directing that the sentencing court "shall do all of the following" and "notify the offender of all of the following," the legislature imposed a mandatory duty on the trial court to provide all five required notifications. *Paul* at ¶ 21. Accordingly, when sentencing an offender to a non-life felony indefinite prison term, the trial court must advise the offender of each of the five Reagan Tokes Notifications at the sentencing hearing. *State v. Hodgkin*, 2021-Ohio-1353, ¶ 24 (12th Dist.). Although a trial court is not

- 6 -

required to recite the statutory language verbatim, the record must nevertheless reflect that each required notification was provided to the defendant at sentencing. *State v. Brown Suber*, 2021-Ohio-2291, ¶ 17 (12th Dist.).

{¶ 17} The dissent argues the failure to provide Reagan Tokes Notifications does not deprive a defendant of a fundamental constitutional right akin to the denial of merger at issue in *Underwood*. That is true, but in other plea contexts, a trial court's complete failure to inform a defendant of nonconstitutional rights does not require the defendant to show prejudice. *State v. Dangler*, 2020-Ohio-2765, ¶ 15 (holding no showing of prejudice required when court completely fails to inform defendant of nonconstitutional rights during plea colloquy). The same reasoning applies in this context—while the error Runyon alleges is statutory, rather than constitutional, he alleges the trial court completely failed to give him the mandatory Reagan Tokes Notifications. This alleged complete failure eliminates Runyon's need to demonstrate prejudice.

*Analysis*

{¶ 18} Upon review of the record, we find that the trial court completely failed to advise Runyon of the required Reagan Tokes Notifications, designed to inform him of various presumptions and procedures he is due after he completes serving his minimum sentence. As the specific language of the Reagan Tokes Notifications are not at issue here, we summarize that the trial court did not inform Runyon that (1) the Department of Rehabilitation and Correction ("DRC") must conduct a hearing to rebut the presumption of his release after serving the minimum term; (2) the DRC may consider specified factors—including his conduct while confined, rehabilitation, threat to society, use of restricted housing, if any, and security classification—in rebutting that presumption; (3) the DRC may maintain his incarceration for a period it determines to be reasonable, up to the six-year maximum term; (4) the DRC may extend his incarceration more than once;

and (5) if he has not been released prior to the expiration of his maximum prison term, he must be released upon expiration of that term. *See* R.C. 2929.19((B)(2)(c)(i) – (v).

{¶ 19} In light of these omissions, we sustain Runyon's sole assignment of error to the extent it challenges the trial court's failure to comply with R.C. 2929.19(B)(2)(c). Although Runyon agreed to a four-to-six-year prison term as part of his agreement with the State, that does not mean that he waived the right to receive the required Reagan Tokes Notifications. Runyon's sentence is reversed and the matter is remanded for the sole and limited purpose of resentencing in compliance with that statute. *See, e.g., Brown Suber* at ¶ 17-18; *Paul*, 2021-Ohio-1628, at ¶ 22-23; *Hodgkin* at ¶ 25. This remand does not affect the validity of Runyon's conviction or any other aspect of the sentence imposed. Runyon is not entitled to a de novo sentencing hearing; rather, the trial court is directed only to provide the mandatory notifications required by R.C. 2929.19(B)(2)(c).

{¶ 20} Judgment reversed and remanded for the sole and limited purpose of resentencing to ensure compliance with R.C. 2929.19(B)(2)(c).

M. POWELL, J., concurs.

PIPER, P.J., dissents

**PIPER, P.J. dissenting.**

{¶ 21} With respect to my colleagues in the majority, I disagree with their finding that the trial court committed reversible error at Runyon's sentencing by failing to provide him with the Reagan Tokes Law notifications set forth in R.C. 2929.19(B)(2)(c)(i-v). Rather, I would find that the plain language set forth in R.C. 2953.08(D)(1) divests this court of jurisdiction to rule on that issue. Moreover, even if the plain language of R.C. 2953.08(D)(1) did not apply, which I believe that it does, I would find that Crim.R. 52 requires this court to overrule Runyon's assigned error. This is because, as explained

more fully below, Runyon has failed to demonstrate that he suffered any prejudice resulting from the trial court's omission. Therefore, I dissent with respect.

{¶ 22} On appeal, Runyon argues that this case must be reversed and remanded to the trial court for a new sentencing hearing so that the court can provide him with the previously omitted Reagan Tokes Law notifications. However, upon review of the record in this case, it is clear that Runyon has neglected to present any argument alleging that the Regan Tokes Law provides him with a fundamental right or constitutional protection that affects his agreed sentence or otherwise renders his sentence not authorized by law. Runyon has also neglected to make any argument why the trial court's failure to provide him with the Reagan Tokes Law notifications should not be disregarded by this court as harmless error. This is in addition to Runyon's failure to present any argument for why the trial court's omission constitutes plain error or a deficiency affecting his substantial rights.[1]

{¶ 23} Believing the case law on this issue left it with no other choice, the State has conceded Runyon's assignment of error. But this was only because the appellate courts have been hasty to reverse, with little analysis, particularly with respect to prejudice, in circumstances where the trial court failed to provide the appellant with the Reagan Tokes Law notifications at sentencing. *See e.g. State v. Hodgkin*, 2021-Ohio-1353, ¶ 24-25 (12th Dist.) (reversing "for the sole purpose of resentencing so that appellant's sentence complies with R.C. 2929.19[B][2][c]" of the Reagan Tokes Law because the trial court "failed to inform appellant of the mandatory notifications set forth in R.C. 2929.19[B][2][c] at the sentencing hearing, and thus, failed to comply with the statute"). Similarly, my colleagues act with haste to reverse, given the absence of any case law addressing what impact, if any, such an omission may have on Runyon's jointly

---

1. Although I appreciate the majority's arguments in response to this dissent's determination that we do not have jurisdiction, none of those arguments were raised in Runyon's brief.

recommended sentence.

**R.C. 2953.08(D)(1) Restricts Appellate Review**

{¶ 24} Pursuant to R.C. 2953.08(D)(1), a sentence imposed upon a defendant is not subject to review if (1) the sentence is authorized by law; (2) the parties have jointly recommended the sentence; and (3) the trial court imposes the sentence that the parties recommended. The Ohio Supreme Court has expressly concluded, "if the conditions under R.C. 2953.08(D)(1) are established, an appellate court lacks jurisdiction to hear the appeal." *State v. Castro*, 2022-Ohio-4327, ¶ 9 (12th Dist.), citing *State v. Noling*, 2013-Ohio-1764, ¶ 22. Thus, R.C. 2953.08(D)(1) establishes a "statutory limit" on an appellate court's ability to consider an appeal from a sentence. *State v. Gwynne*, 2019-Ohio-4761, ¶ 9, fn. 1.

{¶ 25} My colleagues and I disagree on whether the jointly recommended sentence imposed by the trial court in this case was authorized by law. This is significant when considering, if the sentence was *authorized* by law, the General Assembly's statutory limit placed upon this court under R.C. 2953.08(D)(1) applies, and we are divested of subject-matter jurisdiction to review Runyon's appeal.

{¶ 26} The majority finds we are not divested of jurisdiction, reasoning that the trial court's failure to orally notify Runyon of certain indefinite sentencing procedures in the Reagan Tokes Law rendered his sentence *unauthorized* by law under R.C. 2953.08(D)(1). In reaching this decision, however, the majority overlooks the context of a jointly recommended sentence and elevates the information in R.C. 2929.19(B)(2)(c)(i-v) to a "right" that must be waived. This is misguided and unsupported by a close examination of the law.

{¶ 27} The majority also misapplies the Ohio Supreme Court's decision in *State v. Underwood*, 2010-Ohio-1, by equating the double jeopardy protections codified in Ohio's

merger statute to a defendant's "right" to receive the Reagan Tokes Law notifications. I find this incongruent with the guidance found within *Underwood* and the Supreme Court's later opinion in *State v. Sergent*, 2016-Ohio-2696. These cases do not support the majority's conclusion that the Reagan Tokes Law notifications constitute a "mandatory sentencing provision," which if absent deprive a defendant of a "mandatory procedural protection" and renders the sentence unauthorized by law.[2]

### Runyon's Indefinite Sentence was Authorized by Law

{¶ 28} The Reagan Tokes Law establishes a statutory indefinite sentencing scheme under which defendants convicted of first- and second-degree felonies are sentenced to a minimum and maximum term, with a presumptive release date set at the end of the minimum term being imposed upon the defendant. R.C. 2929.14(A); R.C. 2929.144. However, the Ohio Department of Rehabilitation and Corrections ("ODRC") may conduct a hearing to rebut that presumption and keep the offender in prison for an additional period not to exceed the maximum term imposed by the sentencing judge. R.C. 2967.271(C).

{¶ 29} Outside the context of a jointly recommended sentence, R.C. 2929.19(B)(2)(c) directs, "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required," and "if the prison term is a non-life felony indefinite prison term," the court is to advise the defendant of the five notifications listed in R.C. 2929.19(B)(2)(c)(i-v). These five notifications describe the presumption of the defendant's release after the minimum term, the possibility that ODRC may rebut this

---

2. The majority asserts its decision to reverse this case and remand for the "limited purpose" of providing Reagan Tokes Law notifications, which has been this court's practice, "follows the reasoning as developed in *Underwood*." *See State v. Paul*, 2021-Ohio-1628, ¶ 22-23 (12th Dist.); *see also State v. Pope*, 2022-Ohio-426, ¶ 23 (12th Dist.). However, *Underwood* instructs that "sentences that do not comport with mandatory provisions are subject to total resentencing." *Underwood* at ¶ 20. Setting aside this apparent discrepancy, *Underwood* is a fundamentally different case where the error affected the defendant's sentence itself, not merely a procedural aspect of the sentencing with no effect on the outcome.

presumption at a hearing, that upon rebutting the presumption the defendant's incarceration may be extended beyond the minimum term, that ODRC may make findings to extend the defendant's incarceration multiple times, and that the defendant must be released upon the expiration of the maximum prison term if he has not already been released. Therefore, given their substance, the five notifications set forth in R.C. 2929.19(B)(2)(c)(i-v) are merely informational and do not add to, detract from, or otherwise affect the procedures substantively provided within R.C. 2967.271. That is to say, the five notifications set forth in R.C. 2929.19(B)(2)(c)(i-v) do not confer substantive rights upon the defendant.

{¶ 30} However, when the parties jointly recommend a sentence to the trial court, they represent that such an agreed sentence is "appropriate." *Underwood*, 2010-Ohio-1, at ¶ 27. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence. *Sergent*, 2016-Ohio-2696, at ¶ 28. Here, once imposed, Runyon's agreement with the State that the sentence was appropriate negated the trial court's otherwise independent, reciprocal obligation to determine whether the sentence is "necessary or required" under R.C. 2929.19(B)(2). Only when the court has an obligation to independently justify the sentence as "necessary or required" does a requirement to "notify" under subsection (B)(2)(c) follow.[3] Therefore, these Reagan Tokes Law notifications are not mandatory sentencing provisions that the trial court has failed to comply with. When the trial court imposed the indefinite sentence

---

3. R.C. 2929.19 (B)(1) occurs *before* sentencing is imposed; (B)(2) *follows* the sentence imposed:

> (2) Subject to division (B)(3) of this section, *if* the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court *shall* do all the following . . . (Emphasis added.).

Subsection (c)(i-v) then references procedures potentially implemented later by ODRC upon the defendant only if he or she is not released after serving a minimum term.

that Runyon and the State jointly recommended, the sentence remained authorized by law, with or without recitation of the information from R.C. 2929.19(B)(2)(c)(i-v).

{¶ 31} My colleagues indicate that trial courts are not bound to impose agreed sentences and therefore, because it was possible to impose an entirely different sentence upon Runyon from that which was agreed upon as appropriate, the trial court had to determine whether the sentence imposed was "necessary or required" under R.C. 2929.19(B)(2). The majority also relies upon the definition of "sentence" for the proposition that a sentence is the sole responsibility of the trial court because it is "imposed by the sentencing court," therefore the court must always determine whether the sentence is necessary or required. *See* R.C.2929.01(EE). However, this reasoning contradicts the Ohio Supreme Court's guidance provided in *Underwood* and *Sergent*: the sentence *imposed* was the agreed sentence, and the parties justified it as appropriate, thereby relieving the trial court of any obligation to render its own independent justification. *Underwood* at ¶ 27; *Sergent* at ¶ 28.

### *Underwood* and *Sergent*

{¶ 32} In *Underwood* and *Sergent*, the Ohio Supreme Court examined appeals from jointly recommended sentences under R.C. 2953.08(D)(1). In both cases, the claimed error concerned the *actual* sentence imposed, not collateral advisements or notifications affecting the sentence. More specifically, in *Underwood*, the Court determined that an agreed sentence is subject to review and is reversible if a mandatory waiver of a constitutional right is not obtained, whereas in *Sergent*, the Court determined that a trial court is not required to make statutorily mandated findings before imposing consecutive sentences where the parties agreed to the sentence being imposed. While neither case addressed circumstances in which the Reagan Tokes Law notifications were not delivered by the trial court at the defendant's sentencing hearing, they nevertheless

remain instructive for this case.

<em>Underwood</em>

{¶ 33} The Ohio Supreme Court in *Underwood* held that R.C. 2953.08(D)(1) did not bar appellate review of concurrent prison terms imposed for allied offenses of similar import, despite the sentence being agreed to by the parties. In so doing, the Court applied Crim.R. 52(B) to find that imposing multiple sentences for allied offenses of similar import (even if concurrent) is plain error because "a defendant is prejudiced by having more convictions than are authorized by law." *Id.* at ¶ 31-32. In reaching this decision, the Court recognized that "[t]here is nothing in the record that demonstrates that Underwood was informed that he was agreeing to be convicted of allied offenses, thereby waiving his constitutional right to be free from double jeopardy." *Id.* at ¶ 32.

{¶ 34} Unlike in *Underwood*, Runyon does not argue that the sentence he had agreed to serve violated a fundamental right or effected his sentence. Nor does Runyon argue that the trial court's failure to provide him with the Reagan Tokes Law notifications at his sentencing hearing somehow violated a fundamental right or resulted in a prejudice with respect to his sentence.[4] Too often, courts have disregarded the substance of Crim.R. 52 and neglected to analyze whether the error was harmless, instead just dubbing the omitted Reagan Tokes Law notifications "mandatory" in nature, or the sentence "contrary to law" and reversing. *See e.g. Hodgkin*, 2021-Ohio-1353, at ¶ 24; *State v. Lawson*, 2025-Ohio-934, ¶ 28 (5th Dist.). Rather, for an error to have affected substantial rights pursuant to Crim.R. 52, the trial court's error must have affected the

---

4. Runyon's counsel did not object to the absence of notifications being recited by the trial court after it imposed the jointly recommended sentence in this case. Forfeiture would apply unless Runyon claimed denial of a constitutional or fundamental right, which he does not. *State v. Rogers,* 2015-Ohio-2459, ¶ 21-22; *State v. Quarterman,* 2014-Ohio-4034, ¶15. R.C. 2953.08(D)(1) does not preclude appellate review of a sentence if the challenge is premised on constitutional grounds; however, that is not a challenge Runyon makes. *State v. Castro,* 2022-Ohio-4327, ¶ 12 (12th Dist.), following *State v. Patrick*, 2020-Ohio-6803, ¶ 22.

outcome. *See State v. Barnes*, 2002-Ohio-68, ¶ 20. The trial court's failure to provide Runyon with the Reagan Tokes Law notifications clearly had no impact on the sentence it imposed in this case.

<em><u>Sergent</u></em>

{¶ 35} The Ohio Supreme Court in *Sergent* reviewed consecutive sentences that were jointly recommended by the defendant and the State. Although the trial court did not make statutorily mandated findings under R.C. 2929.14(C)(4) to justify the imposition of consecutive sentences, the Court nevertheless determined that the sentence was "authorized by law." *Id.*, 2016-Ohio-2696, at ¶ 30. The parties' agreement to recommend the sentence that was to be imposed effectively stipulated to the court that it was justified, thereby alleviating the need for the trial court judge to independently justify the sentence imposed on the defendant. *Id.* at ¶ 28. Therefore, while the trial court certainly could have modified the recommended sentence or rejected it entirely, the court instead accepted it. The trial court's acceptance obviated the need for the court to make the consecutive-sentence findings required by R.C. 2929.14(C)(4). *See Id.*, at ¶ 30

{¶ 36} The mere possibility of imposing a different sentence did not implicitly oblige the trial court to make consecutive-sentencing findings and justify the sentence; likewise, here, the mere possibility of imposing a different sentence than the one Runyon and the State jointly recommended did not implicitly oblige the trial court to determine whether the sentence was necessary or required pursuant to R.C. 2929.19(B). The Reagan Tokes Law notifications, i.e., informing a defendant of the *potential* procedures regarding an indefinite term of imprisonment, only follow "*if* the sentencing court determines at the sentencing hearing that a prison term is necessary or required." (Emphasis added.) R.C. 2929.19(B)(2). Because the sentence the trial court imposed upon Runyon in this case was justified by the parties' joint recommendation, no determinations needed to be made

- 15 -

by the trial court, and the R.C. 2929.19(B)(2)(c)(i-v) notifications were not necessary.[5]

**Failure to Properly Consider Prejudice and Misapplication of *Dangler***

{¶ 37} What is more, treating the Reagan Tokes Law notifications provided by R.C. 2929.19(B)(2)(c)(i-v) as a "mandatory sentencing provision" and automatically reversing a sentence as "contrary to law" fails to properly consider prejudice. Not every statutory error involving the word "shall" requires reversal. For example, in *State v. Perry*, 2004-Ohio-297, the Ohio Supreme Court considered a statute that stated the trial court "shall" perform certain functions during a jury trial. *Id*. *at* ¶ 7. The Court in *Perry* determined that, despite the General Assembly's use of the word "shall" within the statute, if the error did not affect a substantial right, the appellate court had no authority to disregard Crim.R. 52(A) and must consider whether the statutory error was harmless. *Id.* at 15. Thus, as the Court in *Perry* emphasized, not all procedural violations mandate reversal, even where they involve clear statutory requirements expressed by the word "shall."

{¶ 38} The Supreme Court stressed the importance of applying Crim.R. 52 to an error not timely objected to, writing: "This court has 'rejected the notion that there is any category of forfeited error that is not subject to the plain error rule's requirement of prejudicial effect on the outcome. We do not retreat from that position today.'" *State v. West, 2022*-Ohio-1556, at ¶ 2, quoting *State v. Rogers*, 2015-Ohio-2459, ¶ 24. Therefore, as can be seen by the Court's decision in *West*, simply calling the Reagan Tokes Law notifications "mandatory" does not create a new category of sentencing error, which would negate the necessity of a Crim.R. 52 analysis.

{¶ 39} The attempt by my colleagues to apply the Ohio Supreme Court's decision

---

5. Granted, this is a strict textual reading of the statute. However, if the General Assembly intended the statute to operate differently, the matter remains its responsibility to correct. It is not for the judiciary to give meaning to a statute not otherwise expressed by the legislature.

in *Dangler*, 2020-Ohio-2765, to a jointly recommended sentence is entirely novel and merely a construct to reverse this case while avoiding the required Crim.R. 52 analysis. *Dangler* is a case outside the context of a jointly recommended and imposed sentence, and there is no precedent for applying *Dangler* in conjunction with the guidance found in *Underwood* and *Sergent*. *Dangler* is related solely to Crim.R. 11(C) and involved assessing whether a plea was knowingly, intelligently, and voluntarily entered. No contest and guilty pleas involve a waiver of constitutional rights, for which the Court made a "limited exception to the prejudice component" of Crim.R. 52. *Id*. at ¶ 14. In so doing, the Court further explained that "when a trial court fails to fully cover other 'nonconstitutional' aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea." *Id.* at ¶ 17.

{¶ 40} The case at bar involves procedural notifications prescribed by statute; it does not implicate constitutional rights or the voluntariness of a defendant's plea. The failure to recite the Reagan Tokes Law notifications set forth in R.C. 2929.19(B)(2)(c)(i-v) at a sentencing hearing does not automatically result in prejudice, nor does it excuse an appellant's obligation to demonstrate prejudice.

{¶ 41} By way of comparison, there are times when defendants are not informed by the trial court of their right to appeal at sentencing. Filing an appeal with the appellate court because one was not notified of the right to appeal at sentencing is disingenuous and borders on absurdity. This is why, when addressing this issue, "'[t]his court has previously rejected claims where there is a failure to identify prejudice regarding notification of appellate rights.'" *State v. Mauch*, 2025-Ohio-413, ¶ 8 (12th Dist.), quoting *State v. Reynolds*, 2018-Ohio-4942, ¶ 12 (12th Dist.); *see, e.g., State v. Tornstrom*, 2023-Ohio-763, ¶ 52 (11th Dist.) (regardless of an absence of notification regarding appellate rights, the error was not reversible without a demonstration of prejudice). Likewise, filing

an appeal because one did not receive a recitation of the Reagan Tokes Law procedures at sentencing (which one is clearly aware of by virtue of appealing), without any demonstration of prejudice, borders on absurdity. Even where there is a failure on the trial court to recite a required sentencing provision, such failure may not consist of a prejudice requiring reversal. *See State v. Dean*, 2015-Ohio-4347, ¶ 235 (trial court erred by not informing defendant of community-service notifications required by statute, but Court found lack of notice was not prejudicial because defendant was sentenced to death).

{¶ 42} That is all to say, the Ohio Supreme Court's decision in *Dangler* does not stand for the proposition, as the majority opinion suggests, that a trial court's complete failure to provide a statutory notice eliminates an appellant's need to demonstrate prejudice. Such a proposition would invent a broad, distorted form of structural error that violates the Court's prior precedent set forth in *Perry* and *West*.

**Conclusion**

{¶ 43} Runyon has not presented an assignment of error or argument that implicates a constitutional right, or that the sentence he agreed to was affected in any way. The sentence represented as appropriate was authorized by law. Therefore, Runyon cannot evade the restriction of appellate review found in a R.C. 2953.08(D)(1) and his appeal should be denied.[6] Moreover, even if Runyon had a right to appeal, neither his assignment of error nor his argument presents a Crim. R. 52 analysis to demonstrate his claimed error was not harmless or that it was plain error affecting a substantial right. The error Runyon attempts to claim was blatantly harmless. Therefore, I respectfully reject the majority's reasoning and must dissent.

---

6. The Ohio Constitution grants appellate courts limited jurisdiction to affirm, modify, or reverse lower court decisions, but it does not grant a *right* to appeal. Neither is there a federal right to appeal. Because there is no constitutional right to appeal, the statutory right to appeal may be legislatively restricted; R.C.2953.08(D)(1) does just that.

## **J U D G M E N T   E N T R Y**

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, reversed, and remanded for the sole and limited purpose of resentencing consistent with the above Opinion. In all other respects, the judgment of the trial court is affirmed.

It is further ordered that a mandate be sent to the Clinton County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed to appellee.

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge