[Cite as *State v. Ross*, 2026-Ohio-1606.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | | CASE NO. CA2024-08-057 |
| Appellee, | : | | |
| vs. | : | | OPINION AND JUDGMENT ENTRY 5/4/2026 |
| CHRISTOPHER ZACHARY ROSS, | : | | |
| Appellant. | : | | |
| | : | | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 24CR41435

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, for appellee.

Colin P. Cochran, for appellant.

**O P I N I O N**

**BYRNE, J.**

{¶ 1}   Christopher Zachary Ross appeals an indefinite prison sentence imposed by the Warren County Court of Common Pleas, General Division, in a criminal case. This appeal raises what appears to be a question of first impression in Ohio courts: *May an*

*offender waive the R.C. 2929.19(B)(2)(c) notifications that must be provided at a sentencing hearing to an offender receiving an indefinite sentence under the Reagan Tokes Law?* For the reasons discussed below, we answer "yes," find that Ross voluntarily, knowingly, and intelligently made such a waiver at his sentencing hearing, and affirm Ross's sentence.

### I. Reagan-Tokes Law Overview

{¶ 2}   The legal questions at issue in this appeal arise from a colloquy at Ross's sentencing hearing. Before discussing the case's procedural history and that colloquy, we will remind the reader of the relevant background legal principles.

{¶ 3}   The Reagan Tokes Law was enacted in 2019. *See* 2018 Am.Sub.S.B. No. 201. The law "provides for indefinite sentencing for offenders convicted of first- or second-degree felonies for which life imprisonment is not an available sentence." *State v. Hacker*, 2023-Ohio-2535, ¶ 7, citing R.C. 2929.14(A)(1)(a) and 2(a). When sentencing an offender under the Reagan Tokes Law, a court "must choose a 'minimum term' from a range of possible minimum prison terms," and this minimum term then "dictates the maximum prison term, which must be one and a half times the minimum term." *Id.*, citing R.C. 2929.144(B)(1).

{¶ 4}   R.C. 2929.19(B)(2)(c) requires a sentencing court to provide an offender with certain notifications when sentencing the offender to an indefinite prison term under the Reagan Tokes Law ("Reagan Tokes Notifications"). The statute states:

> (B)(2) . . . if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
>
> . . .
>
>> (c) If the prison term is a non-life felony indefinite prison term, notify the offender of all of the following:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provision described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

R.C. 2929.19(B)(2)(c).

{¶ 5}    In *State v. Hodgkin*, we held that "[b]y indicating that the sentencing court 'shall do all of the following' and 'notify the offender of the following,' the legislature clearly placed a mandatory duty upon the trial court rather than granting it discretion" in providing the Reagan Tokes Notifications. 2021-Ohio-1353, ¶ 24 (12th Dist.). "Thus, when sentencing an offender to a non-life prison term under the Reagan Tokes Law, a trial court must advise the offender of the five notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing to fulfill the requirements of the statute." *Id.*

{¶ 6}    In *State v. Brown Suber*, we held that "[t]he failure to advise the defendant of *any* of the five notifications constitutes error" and it is "necessary" to "remand for the limited purpose of permitting the sentencing court to provide the mandatory notifications required by R.C. 2929.19(B)(2)(c) . . ." (Emphasis added.) 2021-Ohio-2291, ¶ 16 (12th Dist.), citing *State v. Paul*, 2021-Ohio-1628, ¶ 22-23 (12th Dist.). "While the trial court is not required to recite the statutory language verbatim in providing the notifications to the defendant at sentencing, the record must nonetheless reflect that each of the necessary notifications were provided." *Brown Suber* at ¶ 17; *see also State v. Lee*, 2022-Ohio-248, ¶ 31 (12th Dist.) (finding reversible error where the trial court omitted three of the five Reagan Tokes Notifications and remanding for the "sole and limited purpose of providing" the omitted Reagan Tokes Notifications).

## II. Factual and Procedural Background

{¶ 7}    On February 12, 2024, a Warren County Grand Jury indicted Ross on three counts, as follows:

| Counts | Offense | Revised Code Section | Offense Level |
|--------|---------|----------------------|---------------|
| 1, 3 | Corrupting Another with Drugs | R.C. 2925.02(A)(3), R.C. 2925.02(C)(1) | F2 |
| 2 | Involuntary Manslaughter | R.C. 2903.04(A), R.C. 2903.04(C) | F1 |

{¶ 8}    The indictment stemmed from allegations that Ross sold fentanyl to a 25-year-old male, Caleb Bennington, twice. On the second occasion, Bennington overdosed and died. The matter proceeded to a bench trial before a Warren County common pleas judge, who found Ross guilty on all counts. On August 26, 2025, the court held a sentencing hearing at which it merged the two counts of Corrupting Another with Drugs and sentenced Ross to prison for a minimum of nine years to a maximum of 13 years. This indefinite prison term was authorized by the Reagan Tokes Law.

{¶ 9}    At the sentencing hearing, the judge engaged in the following colloquy with Ross about his Reagan Tokes sentence:

> THE COURT: Okay. Now, also we have the issue of the indefinite term, what we call a Reagan Tokes sentence. Because the more serious of the charges is involuntary manslaughter, that means that an indefinite term will attach to that. So, you're going to get a minimum prison term and a maximum prison term. The minimum prison terms is [sic] going to be whatever I select from a range between three to eleven years and then the maximum term is going to be fifty percent of that term. We do some math to come up with that. It is presumed that you are released at the minimum term, but the Department of Rehabilitation and Corrections, may under certain circumstances keep you up to the maximum time. *I also gave your attorney something called notifications indefinite term, Reagan Tokes.* That sets forth all of this in detail. Did you go over that with your lawyer?
>
> DEFENDANT ROSS: Did we?
>
> [DEFENSE ATTORNEY]: Yes.
>
> DEFENDANT ROSS: *Yes, sir.*
>
> THE COURT: *Do you want me to read all of that to you or are you satisfied that you have been properly notified about Reagan Tokes?*
>
> DEFENDANT ROSS: *I'm satisfied with it, Your Honor.*
>
> THE COURT: Okay. You will have both of those written notifications. You can take them with you. I will make a different copy for the purposes of maintaining the record . . .

(Emphasis added.)

{¶ 10} The written document referenced in the colloquy ("Notifications Document") is part of the record. The Notifications Document was a written version of the Reagan Tokes Notifications. The document appears in the record as follows:

iled in Warren County Common Pleas Court on: 08/27/2024 08:39 AM

Court's Exhibit 1

**NOTIFICATION - INDEFINITE TERM ('Reagan Tokes')**

You are pleading guilty to an offense that carries with it an indefinite sentence. This means you will receive both a minimum prison term and a maximum prison term.

It is presumed that you will be released at the minimum term. However, the Department of Rehabilitation and Corrections may, under certain circumstances, rebut that presumption and keep you in prison up to the maximum term. There are a series of advisements below.

If there are any specifications attached to your sentence, these are not part of an indefinite sentence. They are served prior to and consecutive to the remainder of the sentence.

Because you are subject to an indefinite prison term, you are hereby advised as follows:

1) There is a rebuttable presumption of release after serving the minimum term or presumptive early release date, whichever is earlier;

2) ODRC may rebut the presumption through an administrative hearing process and thereby maintain the offender's incarceration for reasonable periods of duration up to the maximum term;

3) The criteria for ODRC to rebut the presumption and to maintain the offender's incarceration after serving the minimum term or presumptive early release date, whichever is earlier, include the following:

   a) During incarceration, the offender committed rule infractions that compromised a prison's security, compromised safety of staff or inmates, caused or threatened physical harm to staff or inmates, or committed a law violation that was not prosecuted, and any infractions or violations which demonstrate the offender has not been rehabilitated, and / or that the offender's behavior demonstrates the offender continues to pose a threat to society; or

   b) regardless of the classified security level at time of the hearing, the offender had been placed in extended restrictive housing within the year preceding the hearing date; or

   c) at the time of the hearing, the offender is classified by ODRC as a security level three, four, five, or higher. If ODRC rebuts the presumption, ODRC may maintain the offender's incarceration in a state correctional institution under the sentence after the expiration of the minimum prison term or presumptive earned early release date for an additional reasonable period of incarceration determined by ODRC, not to exceed the maximum prison term. Also, ODRC may maintain the offender's incarceration more than one time up to the maximum term; and

   d) ODRC shall release the offender on the expiration of the maximum term if the offender has not been released prior to the expiration of that term;

   e) Except for "sexually oriented offenses," the Defendant may receive 5% to 15% earned reduction of minimum prison term credit (ERMPT) for "exceptional conduct or adjustment to incarceration" but there is no guarantee that ODRC will request ERMPT for the offender; (f) there is a presumption the ERMPT will be granted by the trial judge, but the trial court may determine to rebut the presumption and not grant ERMPT.

{¶ 11} After the sentencing hearing, the trial court issued a written sentencing entry.

{¶ 12} Ross appealed his sentence. Ross's appointed counsel filed an *Anders* brief, arguing that Ross's appeal was frivolous. This court's administrative judge then issued an entry granting counsel's motion to withdraw, finding that there was an "arguable issue" on appeal, and appointing new counsel to represent Ross. Ross's new counsel later filed an appellate brief, raising one assignment of error.

### III. Law and Analysis

{¶ 13} Ross's sole assignment of error states:

ROSS'S SENTENCE WAS CONTRARY TO LAW BECAUSE IT DID NOT COMPLY WITH R.C. 2929.19(B)(2)(c).

{¶ 14} In support of his sole assignment of error, Ross argues that the "trial court failed to notify Ross of all of the provisions of his indefinite sentence in accordance with R.C. 2929.19(B)(2)(c)." Specifically, Ross argues that the trial court erred when it "relied on a [written] notification provided to Ross's trial counsel" in lieu of providing oral Reagan Tokes notifications.

### A. Applicable Law and Standard of Review

{¶ 15} We review felony sentences under R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2) permits an appellate court to modify or vacate a felony sentence in two situations.

{¶ 16} First, under R.C. 2953.08(G)(2)(a), an appellate court may modify or vacate a sentence if it finds by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or

R.C. 2929.20(I). None of those statutes are at issue in this appeal, so we need not conduct any analysis under R.C. 2953.08(G)(2)(a).

{¶ 17} Second, R.C. 2953.08(G)(2)(b) permits an appellate court to modify or vacate a sentence if the court finds by clear and convincing evidence that the sentence "is otherwise contrary to law." Ross argues that his sentence is "otherwise contrary to law" because the sentencing court did not orally notify Ross of all the mandatory Reagan Tokes Notifications, and instead erroneously relied on the written Notifications Document provided to Ross's counsel by the court. Ross does not argue that any of the five mandatory Reagan Tokes Notifications were missing from that document, but instead argues generally that the sentencing court entirely failed to provide the Reagan Tokes Notifications because those notifications were provided in writing, not orally.

### B. May R.C. 2929.19(B)(2)(c) Notifications Be Provided in Writing?

{¶ 18} As mentioned above, R.C. 2929.19(B)(2) states in relevant part that "if the sentencing court determines *at the sentencing hearing* that a prison term is necessary or required, the court shall do all of the following . . ." (Emphasis added.) The phrase "all of the following" refers to multiple subsections, most of which concern various notifications that must be given at sentencing hearings. *See* R.C. 2929.19(B)(2)(a), (c), (d), (e), (f), and (g). One of those is R.C. 2929.19(B)(2)(c), which, as explained above, concerns the Reagan Tokes Notifications. All of the subsections that concern notifications state that the court must "notify" the offender, but none explicitly state that the notifications must be "oral." *Id.*

{¶ 19} Neither the Ohio Supreme Court nor this court have ever definitively held— or even analyzed—whether the Reagan Tokes Notifications must be delivered *orally* at the sentencing hearing, or whether they may instead be delivered *in writing* at the sentencing hearing. In *State v. Bates*, 2022-Ohio-475, ¶ 34, the Ohio Supreme Court

- 8 -

stated—but did not hold—that postrelease control notifications required by R.C. 2929.19(B)(2)(d) must be delivered orally. Likewise, in *State v. McIntosh*, 2023-Ohio-4022 (12th Dist.), we stated that the Reagan Tokes Notifications must be delivered orally at the sentencing hearing. *Id.* at ¶ 58 (". . . Reagan Tokes notifications are to be provided to the offender 'at the sentencing hearing,' meaning the notifications must be orally delivered at the hearing."). Yet this statement was not part of the holding of the case, but was instead dicta, and is therefore not controlling.[1] *See State v. Snapp*, 2025-Ohio-5276, ¶ 21 (12th Dist.), citing *State v. Sallis*, 2020-Ohio-3924, ¶ 17 (12th Dist.) ("'Dicta' refers to expressions in an opinion that go beyond the facts necessary to resolve the issues at hand and are therefore not binding in subsequent cases as legal precedent.").

{¶ 20} Though the question Ross presents about whether the Reagan Tokes Notifications may be delivered to an offender in writing (rather than orally) at a sentencing hearing has not been definitively answered, we need not resolve that question in this appeal. This is the case because the record does not clearly establish that the Notifications Document was delivered "at" the sentencing hearing at all. The judge referred to the Notifications Document during the sentencing hearing, but the judge's statement suggests that the court provided the document to Ross's counsel *before* the sentencing hearing. While the distinction between handing a document to a defendant *at* the sentencing hearing and providing it through counsel *before* the hearing may appear trivial, the distinction is nonetheless important, as the statute's plain text requires that notice be given "at" the sentencing hearing. R.C. 2929.19(B)(2); *Bates* at ¶ 55; *McIntosh* at ¶ 58.

---

1. Instead, our holding in *McIntosh* was that the "Reagan Tokes notifications required by R.C. 2929.19(B)(2)(c) must be given at a sentencing hearing, *but do not need to be restated in a sentencing entry*." (Emphasis added.) *McIntosh* at ¶ 67.

{¶ 21} It is *possible* the judge provided the Notifications Document to Ross and his counsel at the sentencing hearing, as the judge added that he would provide Ross with copies of the Notifications Document. But there is nothing in the record confirming that the judge actually did so. It is therefore unclear *if* and *when* the court provided the Notifications Document to Ross at the sentencing hearing.

{¶ 22} Thus, in the case before us, the lack of clarity in the record about when the Notifications Document was provided to Ross or his counsel leaves us with no basis to conclude that the Reagan Tokes Notifications were provided in writing "at" the sentencing hearing as required by R.C. 2929.19(B)(2)(c). This is true regardless of whether R.C. 2929.19(B)(2)(c) permits the Reagan Tokes Notifications to be delivered in writing at the sentencing hearing, or requires them to be delivered orally.

### C. May the Reagan Tokes Notifications be Waived?

{¶ 23} While we find that the court did not provide the Reagan Tokes Notifications "at" the sentencing hearing as required, we agree with the State's argument that Ross waived the statutory requirement that he be given the Reagan Tokes Notifications at the sentencing hearing.

{¶ 24} Although R.C. 2929.19(B)(2)(c) is silent on whether defendants can waive their Reagan Tokes Notifications, the United States Supreme Court and the Ohio Supreme Court have recognized many other constitutional and statutory rights or entitlements a defendant can waive. Among other examples, a criminal defendant can waive the following:

- the federal and state rights to a jury trial (*see State v. Lomax*, 2007-Ohio-4277, ¶ 6; *State v. Roberson*, 2021-Ohio-3705, ¶ 19 (12th Dist.); Crim.R. 23(A); R.C. 2945.05));

- the federal and state rights to a speedy trial (*see State v. Barrow*, 2026-Ohio-1236,

¶ 23-25 (12th Dist.));

- the right to remain silent (*see Miranda v. Arizona*, 384 U.S. 436, 475 (1966); *State v. Smith*, 2024-Ohio-2849, ¶ 13-14 (12th Dist.));

- the right to counsel (*see State v. Colquitt*, 2022-Ohio-4448, ¶ 29 (12th Dist.); Crim.R. 44(A));

- the right to a preliminary hearing (*see* Crim.R. 5(B)(1); R.C. 2937.10)); and the right to the reading-aloud of the indictment (*see* Crim.R. 10(A); R.C. 2943.02)).

**{¶ 25}** In all these cases, Ohio courts have recognized a defendant's ability to waive rights or entitlements, even when a trial court has an affirmative obligation to provide those rights or entitlements to the defendant. Likewise, we see no reason why an offender, like Ross, may not knowingly, intelligently, and voluntarily also waive the Reagan Tokes Notifications. *See State v. Adams*, 43 Ohio St.3d. 67, 69 (1989). No constitutional provision, statute, regulation, or applicable case law of which this court is aware prevents such waiver. Nor do we have the authority, as judges, to invent a rule prohibiting such waiver. *See TWISM Enterprises, L.L.C., v. State Bd. of Registration of Professional Engineers and Surveyors*, 2022-Ohio-4677, ¶ 33, citing *Watson v. Tax Comm.*, 135 Ohio St. 377, 380 (1939) ("It is the province of the courts only to construe and apply statutes."); *Tipton v. Butler Cnty. Dog Warden*, 2025-Ohio-5361, ¶ 27 (12th Dist.) ("The 'judicial power' [in Article IV, Section 1 of the Ohio Constitution] includes the authority to interpret and apply statutes, but not to make the law.").

**{¶ 26}** For these reasons, we conclude that an offender may validly waive the Reagan Tokes Notifications at a sentencing hearing, provided the requirements for waiver are met.

### D. Did Ross Validly Waive the Reagan Tokes Notifications?

**{¶ 27}** In general, waiver of statutory rights or entitlements by criminal defendants

- 11 -

must be knowing, intelligent, and voluntary. *See Adams* at ¶ 69, quoting *State v. Kidd*, 60 Ohio App.2d 374, 376 (1978) ("'No reason has been suggested to us and we know none why a defendant cannot waive his [statutory speedy trial] right . . . as he might waive any other right accorded him by statute, so long as such waiver is made knowingly and voluntarily.'"). Traditionally, this court has looked at the "totality of the circumstances" in determining whether a defendant has voluntarily, knowingly, and intelligently waived a statutory right or entitlement. *See Colquitt* at ¶ 31; *Smith* at ¶ 13; *State v. Dinka*, 2013-Ohio-4646, ¶ 16 (12th Dist.).

**{¶ 28}** Here, Ross confirmed with the sentencing court that he had reviewed the Notifications Document with his counsel, apparently before the sentencing hearing. When the judge asked if Ross wanted the judge to read the contents of the Notifications Document out loud, Ross stated that he was "satisfied" with the written document, thus also indicating he did not want the judge to read the Notifications Document out loud. Ross gave no indication that he was pressured or acting against his will in declining the oral reading of the Notifications Document. Further, there is no indication based on this exchange or any exchange during the sentencing hearing that Ross was coerced into not having the sentencing court read the required Reagan Tokes Notifications to him. Therefore, based on the totality of the circumstances, we conclude that Ross knowingly, intelligently, and voluntarily waived receipt of the Reagan Tokes Notifications at the sentencing hearing. As a result, Ross's sentence is not contrary to law.[2]

---

2. While Ross's oral responses to the judge's questions during the sentencing hearing were minimally sufficient to waive the mandatory Reagan Tokes Notifications in the circumstances of this case, his waiver would have been even more clear if the court had explicitly asked Ross if he wished to "waive" the Reagan Tokes Notifications. Courts and parties seeking to take advantage of the opportunity to waive the mandatory R.C. 2929.19(B)(2)(c) Reagan Tokes Notifications would be advised to explicitly refer to "waiver" of those notifications during a sentencing hearing colloquy. Additionally, the record of waiver would be even more clear if the court obtained a signed, written waiver from the offender, rather than merely an oral waiver on the record.

## IV. Conclusion

{¶ 29} Ross waived receipt of the Reagan Tokes Notifications at his sentencing hearing. Accordingly, we overrule Ross's sole assignment of error, and affirm his sentence.

{¶ 30} Judgment affirmed.

HENDRICKSON, P.J., and SIEBERT, J., concur.

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

_/s/ Robert A. Hendrickson, Presiding Judge_

_/s/ Matthew R. Byrne, Judge_

_/s/ Melena S. Siebert, Judge_