[Cite as *State v. Trammel*, 2026-Ohio-2449.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO, :

    Appellee, :

vs. :

CIANTI ROLYN TRAMMEL, :

    Appellant. :

:

CASE NO. CA2025-08-091

<u>OPINION AND
JUDGMENT ENTRY</u>
6/29/2026


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2024-10-1485


Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Susannah M. Meyer, for appellant.


## **O P I N I O N**


**BYRNE, P.J.**

{¶ 1} Cianti Trammel appeals from his sentence for multiple counts of trafficking in cocaine in the Butler County Court of Common Pleas. For the reasons discussed below, we overrule Trammel's three assignments of error and affirm his sentence.

**I. Factual and Procedural Background**

{¶ 2}   On December 18, 2024, a Butler County grand jury indicted Trammel on the following criminal charges:

| Count | Offense | Revised Code Section | Offense Level |
|---|---|---|---|
| 1 | Trafficking in Cocaine | R.C. 2925.03(A)(1) | F4 |
| 2 | Trafficking in Cocaine | R.C. 2925.03(A)(1) | F3 |
| 3 | Trafficking in Cocaine | R.C. 2925.03(A)(1) | F3 |

{¶ 3}   The indictment stemmed from allegations that Trammel sold cocaine to an undercover informant on three separate occasions in 2024. On May 22, 2025, the State amended Count One to a fifth-degree felony and Counts Two and Three to fourth-degree felonies. On the same day, Trammel pleaded guilty to the amended offenses and stipulated that the offenses were not allied and would not merge at sentencing. Before accepting Trammel's guilty plea, the court conducted a proper Crim.R. 11 plea colloquy.

{¶ 4}   A few months later, the trial court held a sentencing hearing. At the sentencing hearing, defense counsel presented mitigation arguments. Trammel and his mother also presented statements before the court.

**A. Defense Counsel's Mitigation Arguments**

{¶ 5}   Defense counsel acknowledged that his client "ha[d] past contacts with the Court and the pre-sentence investigation" but that his "client is a different individual than the one that was convicted of those offenses and sentenced to prison in the past." Defense counsel argued that Trammel's change "is evidenced by the fact that his last contact with the criminal justice system . . . was from September . . . 2019." Defense counsel also argued that Trammel's most recent offenses were not "representative of the way that he'd been living his life recently" as he was "working multiple jobs" and "taking care of family." Defense counsel also argued that "[Trammel] d[id] a great job on

community control with regard to the pre-sentence investigation" and that all five of his drug screens were negative. Defense counsel emphasized that Trammel was accepted to "CCC," which provided "evidence that he would be amenable to available community control sanctions." Defense counsel also stated that "everything [Trammels] done to this point has demonstrated that he's committed to staying on the right path."

### B. Trammel's Mother's Mitigation Statement

{¶ 6} Next, Trammel's mother stated that she saw her son "work[] so hard at doing the right thing" and that "[h]e is a great father." She claimed that Trammel had a "great support system" and that his family needed him. She expressed that prison was going to "set him back and make it harder for him." She further stated that Trammel had been working for a moving company, Moving Ahead, for about a year. She also asserted that the court need not worry about Trammel selling drugs to the Middletown community.

### C. Trammel's Mitigation Statement

{¶ 7} In his mitigation statement, Trammel told the court that he "hold[s] [himself] accountable for the actions that [he] took" and that he was now at "the best part of his life." He knew that he "messed up around old people and the old things" but stated that he "really want[s] to change for [his] kids." The court asked Trammel if the Middletown VICE agents would say he had changed, and Trammel responded by saying that he was no longer their problem or even in their "aura." He stated that he was the "foundation of [his] family" and that his "mom came all the way down from North Carolina, strung out on drugs" to live with him and his four-year old. He reiterated that he was not "that same guy on . . . paper" and wished for the court to "give [him] some leeway or opportunity because [he] was never given . . . [an] opportunity."

{¶ 8} After Trammel's statement, defense counsel again reiterated to the court that Trammel was a "different person" at the time of the trial compared to his past and

that he wished for Trammel "to go down the difficult path of being on community control and following any admonitions."

{¶ 9} The court responded, stating that Trammel had sold a "pretty significant amount" of drugs and stated that it seemed like Trammel was selling more than "just one day's use."

### D. State's Response to Mitigation Arguments

{¶ 10} When asked to respond to the various mitigation arguments and statements, the State emphasized that the "trafficking offenses . . . occurred on three separate occasions" in 2024, and that the lead investigator in Trammel's case requested a prison sentence.

### E. Sentencing

{¶ 11} The court then proceeded to sentencing. The judge stated that he had "considered the defendant's plea of guilty, any findings made on the record, the oral statements made . . . the letters . . . the pre-sentence investigation report" and that the "defendant was evaluated for CCC" and accepted. Further, the court considered the "principles and purposes of sentencing under Ohio Revised Code, Section 2929.11 and ha[d] balanced the seriousness and recidivism factors of Ohio Revised Code 2929.12, and whether or not community control [was] appropriate" pursuant to R.C. 2929.13.

{¶ 12} The court recognized that "[a] significant amount of drugs were involved" in the offenses that Trammel committed. The court emphasized that "[Trammel] has been to prison on multiple prior occasions" and found that "[Trammel] [was] not amenable to available community control sanctions"

{¶ 13} The court then sentenced Trammel to nine months in prison for Count 1, 15 months in prison for Count 2, and 12 months in prison for Count 3.

{¶ 14} The court then imposed consecutive sentences, holding that "Count II [would] run consecutive to Count I" and that "Count III [would] run consecutive to Count II." Thus, the court imposed an aggregate sentence of 36 months in prison.

{¶ 15} In sentencing Trammel, the court acknowledged that "there is a presumption under the law of concurrent sentences but given [the] defendant's record, given the seriousness of offenses, and the amount of drugs involved, the Court [found] that consecutive sentences [were] necessary to protect the public from future crimes, and to adequately punish [the] defendant." The court also found that the "consecutive sentences [were] not disproportionate to the seriousness of the defendant's conduct or the danger he pose[d] to the public, [and] to our community, and further [found] that the defendant's history of criminal conduct demonstrate[d] that consecutive sentences [were] necessary . . ." The court also informed Trammel of the possibility of two years of postrelease control after he served his consecutive sentences.

{¶ 16} Later, the trial court issued a written sentencing entry making findings and imposing a sentence in line with the judge's comments at sentencing.

{¶ 17} Trammel appealed, raising three assignments of error. We will address Trammel's first two assignments of error together, as they raise similar arguments, and involve the same legal analysis.

## II. Law and Analysis

### A. Consecutive Sentences and Community Control

{¶ 18} Trammel's first assignment of error states:

> THE TRIAL COURT ERRED IN FINDING THAT MR. TRAMMEL IS NOT AMENABLE TO COMMUNITY CONTROL.

{¶ 19} Trammel's second assignment of error states:

> THE TRIAL COURT ERRED IN ORDERING THAT THE

PRISON TERMS OF ALL THREE CONVICTIONS BE SERVED CONSECUTIVELY.

{¶ 20} Even though Trammel's first assignment of error is phrased as though it only concerns his amenability to community control, most of Trammel's argument in support of that assignment of error focuses on the court's consecutive sentence findings. Trammel suggests those findings were not supported by the record. He argues "the trial court failed to make proper consecutive sentence findings" because the "findings appear[ed] conclusory given the evidence of rehabilitation presented." He also generally points to the mitigation evidence described above.

{¶ 21} Trammel makes only a generic argument about community control in support of his first assignment of error. He emphasizes that he has "been under community control for seven months prior to sentencing," and that he has "been accepted to CCC." He also states that he had been "working multiple jobs," "taking care of family," and that he "did great on community control with regard to pre-sentence investigation." But other than listing these factors, Trammel does not point to any statutes or case law to support his argument that the trial court erred in finding that he is not amenable to community control.

{¶ 22} In his second assignment of error, Trammel argues "the record does not support the trial court's findings that consecutive sentences are necessary under R.C. 2929.14(C)(4)" because "[Trammel] [was] not in the drug selling business" but was "approached by an old friend who was an undercover informant."

**1. Required Findings for Consecutive Sentences**

{¶ 23} When imposing consecutive sentences, a sentencing court is required "to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and

incorporate its findings into its sentencing entry . . ." *State v. Bonnell*, 2014-Ohio-3177, syllabus. That statute states:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
>> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>>
>> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>>
>> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 24} Stated more simply, to impose consecutive sentences, a sentencing court must find (1) "that the consecutive service is necessary to protect the public from future crime or to punish the offender[,]" (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[,]" and (3) that at least one of the three conditions described in R.C. 2929.14(C)(4)(a), (b), or (c) apply. R.C. 2929.14(C)(4).

{¶ 25} When ordering multiple sentences to be served consecutively, a "'word-for-word recitation of the language of the statute' is unnecessary." *State v. Schwartz*, 2019-Ohio-4912, ¶ 54 (12th Dist.), quoting *Bonnell* at ¶ 29.

## 2. Standard of Review – Felony Sentencing Appeals

{¶ 26} R.C. 2953.08(G)(2) defines the standard of review for felony-sentencing appeals. *State v. Hollon*, 2025-Ohio-2725, ¶ 42, citing *State v. Day*, 2021-Ohio-164, ¶ 6 (12th Dist.). As applicable here, that statute provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) *That the record does not support the sentencing court's findings under division* (B) or (D) of section 2929.13, division (B)(2)(e) or (*C)(4) of section 2929.14*, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

(Emphasis added.) R.C. 2953.08(G)(2).

{¶ 27} "The consecutive sentence statute, R.C. 2929.14(C)(4), is one of the relevant statutes specifically mentioned in R.C. 2953.08(G)(2)." *State v. Richey*, 2023-Ohio-336, ¶ 12 (12th Dist.)., citing *State v. Gwynne*, 2019-Ohio-4761, ¶ 16. "Thus, there are two ways that a defendant can challenge consecutive sentences on appeal." *State v. Shiveley*, 2022-Ohio-4036, ¶ 7 (12th Dist.). "The defendant can argue either that [1] the imposition of consecutive sentences is contrary to law because the trial court failed to make the necessary consecutive sentence findings required by R.C. 2929.14(C)(4), or [2]

that the record does not support the trial court's consecutive findings made under R.C. 2929.14(C)(4).'" *Richey* at ¶ 12, citing *State v. Hawley*, 2020-Ohio-1270, ¶ 10 (8th Dist.).

**{¶ 28}** Here, Trammel does not dispute that the trial court stated the necessary consecutive sentences findings at the sentencing hearing. He therefore concedes that the trial court's decision to impose consecutive sentences was not clearly and convincingly contrary to law under R.C. 2953.08(G)(2)(b). *See State v. Morris*, 2023-Ohio-3412, ¶ 23 (12th Dist.), citing *Richey* at ¶ 13. Trammel instead argues pursuant to R.C. 2953.08(G)(2)(a) that the trial court's consecutive sentence findings under R.C. 2929.14(C)(4) were erroneous because they were not supported by the record.

**{¶ 29}** The Ohio Supreme Court in *State v. Gwynne*, 2023-Ohio-3851, ¶ 24, explained that R.C. 2953.08(G)(2) "is plain and unambiguous and permits an appellate court to modify or vacate consecutive sentences if it clearly and convincingly finds that the record does not support the trial court's consecutive-sentence findings." Clear and convincing evidence is "'that measure or degree of proof which is more than a mere preponderance of the evidence but not to the extent of such certainty as is required beyond a reasonable doubt . . . and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" (Cleaned up.) *Id*. at ¶ 14, quoting *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954).

**{¶ 30}** In explaining its reasoning in *Gwynne*, the Ohio Supreme Court stated that "[o]ur analysis simply applies this standard created by [R.C. 2953.08(G)]" and does not "mean that we would impose the same sentence if we sat in the trial court's place." *Gwynne* at ¶ 24. In other words, this court's "[a]ppellate review turns on whether the trial court's findings are clearly and convincingly not supported by the record, and if the evidence supports the trial court's consecutive-sentence findings . . ." *Id.*

**3. Analysis**

{¶ 31} Based upon our review of the record on appeal, including the record of the sentencing hearing and the PSI, we do not find that the trial court's consecutive sentence findings were clearly and convincingly not supported by the record.

{¶ 32} In summary, the PSI reflects that Trammel willingly sold significant amounts of cocaine to a confidential informant in Middletown on three separate occasions. The Miami Valley Regional Crime Laboratory later determined those drug quantities to be 5.72 grams, 13.41 grams, and 12.38 grams of cocaine. We agree with the trial court that Trammel had substantial amounts of cocaine at his disposal.

{¶ 33} Trammel's argument that "[h]e is not in the drug selling business" is disingenuous as the PSI reveals that trafficking drugs is not a new offense for Trammel. Trammel has an extensive and consistent history of criminal activity and drug trafficking, dating back to 2005. The PSI also reveals that as a juvenile, Trammel committed numerous criminal offenses while under supervision and incurred multiple probation violations. As an adult, Trammel has been sentenced to prison five times for felony drug offenses. While Trammel offered evidence suggesting he had reformed his life, the trial court was not required to believe or credit this evidence—or his counsel's arguments—in the face of other evidence demonstrating Trammel's long history of selling drugs and other criminal activity. Further, the record reveals that past community control periods and even prison sentences did not deter Trammel from returning to his longtime criminal activities. That Trammel was approached by an undercover informant does not change our analysis; it was still Trammel's decision to sell drugs, and in significant quantities. As a result, we find that the trial court's imposition of consecutive sentences was not clearly and convincingly unsupported by the record. On the contrary, clear and convincing evidence supports all of the trial court's consecutive sentence findings.

{¶ 34} To the extent Trammel makes a specific argument about the trial court's finding that he was not amenable to community control, Trammel cites no statutes or case law in support of that argument. We will not develop an argument for him. *See State v. Dhimal*, 2026-Ohio-1805, ¶ 56 (12th Dist.), quoting *Mallikarjunaiah v. Shankar*, 2020-Ohio-4508, ¶ 25 (12th Dist.) ("We emphasize that an appellate court will not 'create arguments on behalf of an appellant because it is not the duty of an Ohio appellate court to raise arguments for the parties.'"). But we note that even if Trammel argued that he was statutorily entitled to community control pursuant to R.C. 2929.13(B)—which he does not—his argument would fail. R.C. 2929.13(B) provides that offenders convicted of felonies of the fourth or fifth degree that are not offenses of violence or a qualifying assault offense "shall" be sentenced to community control. Yet this mandate only applies when "[t]he offender previously has not been convicted of or pleaded guilty to a felony offense." R.C. 2929.13(B)(1)(a)(i). Here, the record reveals that Trammel has many prior felony convictions, and so the community control presumption in R.C. 2929.13(B)(a) does not apply to him. *See State v. Langford,* 2016-Ohio-456, ¶ 10 (12th Dist.), citing R.C. 2929.13(B)(1)(a)(i) ("The requirement to impose community control sanctions under R.C. 2929.13[B][1][a] does not apply where a defendant convicted of a fifth-degree felony has previously been convicted or pled guilty to a felony.").

{¶ 35} Therefore, we overrule Trammel's first and second assignments of error.

## B. Constitutionality of Reagan Tokes Law as Applied

{¶ 36} Trammel's third assignment of error states:

> THE REAGAN TOKES LAW IS UNCONSTITUTIONAL AS APPLIED TO MR. TRAMMEL UNDER OHIO'S DUE COURSE OF LAW COURSE (sic) OF LAW CLAUSE, ARTICLE 1, SECTION 16, OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

{¶ 37} In his third assignment of error, Trammel argues the Reagan Tokes Law is unconstitutional as applied to him. But the trial court did not impose a Reagan Tokes sentence on Trammel or apply the Reagan Tokes Law in any way. *See State v. Ross*, 2026-Ohio-1606, ¶ 3 (12th Dist.), citing R.C. 2929.14(A)(1)(a), and 2(a) (the Reagan Tokes Law "provides for indefinite sentencing for offenders convicted of first- or second-degree felonies for which life imprisonment is not an available sentence."). Because the trial court did not impose a Reagan Tokes sentence, Trammel's argument is meritless. Therefore, we overrule Trammel's third assignment of error.

### III. Conclusion

{¶ 38} We overrule Trammel's first and second assignments of error because the trial court's imposition of consecutive sentences was not clearly and convincingly unsupported by the record. We also overrule Trammel's third assignment of error because the trial court did not impose a Reagan Tokes Law sentence.

Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.

## JUDGMENT ENTRY

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Matthew R. Byrne, Presiding Judge*

*/s/ Robert A. Hendrickson, Judge*

*/s/ Mike Powell, Judge*